UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

JOHN DOE,

 Plaintiff

V.

UNUMPROVIDENT CORPORATION
F/K/A
PROVIDENT COMPANIES, INC.,
THE PAUL REVERE LIFE INSURANCE
COMPANY, PROVIDENT LIFE AND
ACCIDENT INSURANCE COMPANY OF
AMERICA and JOHN HANCOCK
MUTUAL LIFE INSURANCE COMPANY,

 Defendants

2003 OCT 17 P 2: 22

CIV. ACTION NO. 3:00 CV-01096(SRU)

OCTOBER 17, 2003

### DEFENDANTS' REPLY RE: MOTION TO EXCLUDE EVIDENCE OF THE PRESENT VALUE OF FUTURE BENEFITS

Even assuming that the plaintiff could succeed on his breach of contract or breach of the covenant of good faith and fair dealing claims, as a matter of law, the plaintiff could not, as a matter of law, be awarded the present value of his future benefits. Accordingly, the plaintiff should be precluded from offering any evidence relating to the present value of future benefits.

**I. BECAUSE THERE HAS BEEN NO REPUDIATION OF THE POLICY THE PLAINTIFF CANNOT SUCCEED ON HIS CLAIM FOR FUTURE BENEFITS**

It is black letter law in Connecticut that "the measure of damages for a breach of contract is the actual loss sustained by reason of the breach, which is the monetary value of what the promisee would have made if the contract had been performed, less the proper deductions." Boulevard Assoc. v. Sovereign Hotels, 861 F. Supp. 1132, 1136 (D. Conn. 1994). Applying this principle to the instant dispute, it is undeniable that the value of what the

HART1-1133339-1

plaintiff would have received if the contract had been performed is the value of the total disability benefits from the date the benefits were terminated to the present date.

The overwhelming weight of legal authority states that, absent repudiation of the policy, an insured is not entitled to future benefits.[1] New York Life Ins. Co. v. Viglas, 297 U.S. 672, 678 (1936); Mobley v. New York Life Ins. Co., 295 U.S. 632, 638 (1935); Magee v. Paul Revere Life Ins. Co., 954 F. Supp. 582, 586 (E.D.N.Y. 1997); Willis v. Insurance. Co. of N. Am., 820 F. Supp. 408, 409 (E.D. Ark. 1993); Doe v. Provident Life & Accident Ins. Co., 936 F. Supp. 302, 304 (E.D. Pa. 1996). As the plaintiff notes, the Supreme Court in Viglas acknowledged that it did not intend to create an invariable rule for all contracts. The plaintiff fails to disclose, however, that the Viglas Court explicitly held that with regard to the disability insurance contracts, "the plaintiff does not need redress in respect of unmatured installments in order to put himself in a position to shape his conduct for the future." Viglas, 297 U.S. at 672. Because the weight of authority supports the conclusion that an insured must continue to prove total disability on an on-going basis in order to be eligible for benefits after the conclusion of the trial, the plaintiff should not be permitted to introduce evidence regarding the value of future benefits.

The plaintiff's reliance on Caporali v. Washington Nat'l Ins. Co., 307 N.W.2d 218, 102 Wis. 2d 669 (Wis. 1981) is puzzling because the decision supports the defendants' articulation of the correct legal standard. First, the Caporali court affirmed the proposition that "in general, however, the insurer's breach, to justify *in futuro* damage awards, must be an unqualified renunciation or outright repudiation." Caporali, 307 N.W.2d at 223. The court further held that the plaintiff was not entitled to the present value of future benefits. Id., at 226.

---

[1] The plaintiff has not alleged that the insurance policies upon which he bases his claims were repudiated; indeed, by the plaintiff's own admission, the policies each remain in effect. (Complaint, ¶¶ 8, 14, 19.)

The court in Caporali did order the defendant to pay monthly benefits for the plaintiff's lifetime, but the decision does not have even persuasive authority because the facts of this matter are materially different from the facts in Caporali. The disability insurance policy in Caporali provided for a determination of **permanent** disability; accordingly, once the plaintiff was determined to be permanently disabled, he was not required to provide proof of continuing disability. Thus, the issue of whether the plaintiff would be entitled under the policy to benefits in the future was fully resolved by the jury's findings. The only remaining issue for the court to decide was whether the plaintiff was entitled to the present value of the future benefits or whether the plaintiff had to wait until each monthly benefit became due. Concluding that the insurer had not repudiated the contract, the court held that the plaintiff was required to wait for each monthly benefit payment to become due. Id. at 226.

Unlike the policy in Caporali, the policies at issue in this dispute do not provide for the possibility of a determination of permanent disability. Under the terms of the policies, the plaintiff has a continuing duty to prove ongoing total disability in order to be entitled to benefits under the policies. Indeed, the plaintiff is required to provide such proof of continued disability on a *monthly* basis. (Paul Revere policy, Ex. A, pp. 6, 16; Provident policy, Ex. B, pp. 4, 17-18; John Hancock policy, Ex. C, pp. 4, 7.)[2]

Because it would be impossible for any finder of fact to determine whether the plaintiff will be totally disabled in the future, regardless of what determination it has made about the plaintiff's alleged past disability, it cannot be determined what, if any, benefits the plaintiff might be entitled to in the future. See, e.g., Northam v. Aetna Life Ins. Co., 85 F. Supp. 800, 804 (D. Mont. 1949) (denying the plaintiff's claim for future benefits on the grounds that "this action is in no way *res judicata* as to the defendants' liability under the policies in the future. The continuing liability

---

[2] Copies of the policies were submitted to the Court with the defendants' initial memorandum.

depends upon the future existence and continuance of the disability."); Doe v. Provident Life & Accident Ins. Co., 936 F. Supp. at 306-307 ("While the amounts of the payments owed are fixed by the insurance policies at issue here, the payments are changeable given that plaintiff could cease being disabled at some time in the future and thus cease to be eligible for payments under the policies.").[3] Accordingly, the only award that the plaintiff can legitimately seek is the reinstatement of benefits under the policy and recovery of accrued benefits.

## II. PLAINTIFF'S BAD FAITH CLAIM IS INSUFFICIENT TO JUSTIFY HIS CLAIM FOR FUTURE BENEFITS

Contrary to the plaintiff's claim, the assertion of a bad faith claim does not change the law and is not grounds for an award of future benefits. Indeed, the cases the plaintiff cites in support of this proposition actually reaffirm the principle that an insured can be awarded future benefits only if the insurer has repudiated the policy. For example, in DeChant v. Monarch Life Ins. Co., 554 N.W.2d 225, 228-29 (Wis. Ct. App. 1996), the court held that the plaintiff was entitled to future damages only because the insurer's bad faith actions may constitute a repudiation of the policy.[4] The holding in DeChant does not support the plaintiff's claim for future benefits because the plaintiff has not alleged that the insurers' allegedly bad faith conduct constituted a repudiation of the policies; to the contrary, the plaintiff has asserted that the policies in question are still in effect. (Complaint, ¶¶ 8, 14, 19.) Accordingly, as a matter of law the plaintiff is not entitled to future benefits.

---

[3] The plaintiff's reliance on Ingalls v. Paul Revere Life Ins. Group, 561 N.W.2d 273 (N.D. 1997) is similarly misplaced. In Ingalls, the disability was caused by an amputated foot. Under these circumstances, a requirement of providing continuing proof of disability may have less force since there is no medical possibility that an individual will regrow his foot, whereas there is a high degree of medical probability that an individual will GAD or PTSD may, with appropriate treatment, resume his occupation. Moreover, even in instances in which it is reasonably certain that an insured will continue to be disabled to some degree in the future, an award of future benefits is inappropriate under the terms of the disability insurance policies, because the policies provide for the possibility that an insured's condition may improve to the point where he may be eligible only for residual, not total, disability benefits.

[4] Indeed, the court in DeChant construed Caporali as standing for the proposition that bad faith actions by the insurer could constitute a repudiation, which could trigger an award of future benefits.

Similarly, the California cases relied on by the plaintiff have no bearing on the law this court must apply. Although California caselaw may allow courts to award bad faith damages in an amount equal to the present value of future benefits, Connecticut has a different standard. This Court addressed the differences between Connecticut and California law regarding the breach of the implied covenant of good faith and fair dealing in National Semiconductor Corp. v. Allendale Mut. Ins. Co., 549 F. Supp. 1195 (D. Conn. 1982). In this case, the Court acknowledged that both California and Connecticut provide for an award of punitive damages upon a breach of the implied covenant of good faith and fair dealing, but noted that the laws of the two states differ in purpose and scope. California "has no rigid formula to guide trial courts and juries, but rather, employs a fluid process of adding or subtracting depending on the degree of reprehensibility of the acts, the effect on the plaintiff and the wealth of the defendant." National Semiconductor Corp., 549 F. Supp. at 1201. (Internal quotation marks omitted). Connecticut, on the other hand, restricts the award of punitive damages to the expenses of litigation less taxable costs. Id. Because Connecticut does not apply the same standards for awarding damages as California does, the California cases cited by the plaintiff fail to support the plaintiff's claim for a lump sum award for future benefits.

Under Connecticut law, the only damages recoverable in a bad faith claim are punitive damages, which are limited to reasonable attorneys' fees and costs. See Boulevard Assocs., 861 F. Supp at 1139. Even the cases cited by the plaintiff for the proposition that punitive damages are available where an insured proves bad faith acknowledge that the punitive damages "are restricted to cost of litigation less taxable costs of the action." Uberti v. Lincoln Nat'l Life Ins. Co., 144 F. Supp. 2d 90, 107 (D. Conn. 2001); L. F. Pace & Sons, Inc. v. Travelers Indem. Co., 9 Conn. App. 30, 46-47(1986). Indeed, there are no reported cases in which a Connecticut court has awarded an insured

the present value of future disability benefits as a remedy for a breach of the good faith and fair dealing.[5]

## III.  CONCLUSION

Accordingly, for the reasons cited herein, as well as the reasons set forth in the defendants' initial memorandum, the defendants respectfully request that the Court preclude any and all evidence or testimony offered by the plaintiff to the jury as evidence of the present value of future benefits, including any testimony from John Stiefel.

---

[5] In Hennessey v. Travelers Property Cas. Ins. Co., 1999 WL 240231 (Conn. Super. Ct. April 14, 1999) the trial court simply ruled upon a motion to strike and did not offer any opinion regarding the measure of damages available for a bad faith claim.

DEFENDANTS,
UNUMPROVIDENT CORPORATION F/K/A PROVIDENT COMPANIES, INC., THE PAUL REVERE LIFE INSURANCE COMPANY, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY OF AMERICA and JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY,

By /s/ E. OB' Choquette
Theodore J. Tucci (ct05249)
ttucci@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860)275-8299

**CERTIFICATION**

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid, on the 17th of October, 2003 to the following:

Jonathan Katz, Esq.
Alinor Sterling, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT  06503

/s/ E. OB' Choquette
Erin O'Brien Choquette