FILED

2003 OCT 17 P 2: 22

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, | : |
|     Plaintiff | : CIVIL ACTION NO.: 3:00CV01096(SRU) |
| V. | : |
| UNUMPROVIDENT CORPORATION F/K/A PROVIDENT COMPANIES, INC., THE PAUL REVERE LIFE INSURANCE COMPANY, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY OF AMERICA and JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, | : |
|     Defendants | : OCTOBER 17, 2003 |

**DEFENDANTS' REPLY RE: MOTION
TO BIFURCATE THE TRIAL**

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, the trial court has broad discretion to bifurcate claims or issues for separate trials "to advance judicial economy, to avoid the possibilities of confusion, to further convenience, to avoid delay and prejudice and to serve the ends of justice." American Nat'l Red Cross v. Travelers Indem. Co., 924 F. Supp. 304, 306 (D.D.C. 1996). The "court may order a case bifurcated even if only one criterion from Rule 42(b) is satisfied." Id. In this dispute, however, bifurcation of the claims will serve all of the goals set forth in Rule 42(b).

HART1-1134126-1

## I. BIFURCATION ADVANCES JUDICIAL ECONOMY AND FURTHERS CONVENIENCE

The goals of judicial economy and convenience are served by bifurcation because if the plaintiff fails to succeed on his breach of contact claim, there can be no legal basis for concluding that the defendants acted in bad faith. It is well-established that bifurcation is particularly appropriate when the resolution of a single claim or issue could be dispositive of the entire case. Cook v. United Serv. Auto. Assn., 169 F.R.D. 359, 361 (D. Nev. 1996). See also 9 Wright & Miller, Federal Practice and Procedure: Civil 2d § 2388, p. 476 (1994); 8 Moore's Federal Practice, §42.20(6)(a).

The plaintiff does not dispute that he must first prove that the defendants breached the insurance policies by terminating the plaintiff's claim for disability benefits before any determination can be made about a possible breach of the implied covenant of good faith and fair dealing. If the plaintiff fails to prove this threshold issue, then, as a matter of law, judgment would enter for the defendants on the breach of implied covenant of good faith and fair dealing. See Retrofit Partners I, L.P. v. Lucas Indus., Inc., 47 F. Supp. 2d 256, 270-71 (D. Conn. 1999) (granting summary judgment on breach of good faith and fair dealing count on the grounds that there had been no breach of the underlying contract). See also Borden v. Paul Revere Life Ins. Co., 935 F.2d 370, 379 (1st Cir. 1991) (in insurance context, liability under a breach of the implied covenant of good faith and fair dealing claim is predicated on a finding that benefits were owed). See also American Nat'l Red Cross, 924 F. Supp. at 306 ("a determination of whether coverage exists is a necessary first step before any resultant determination can be made as to Traveler's bad faith.")

Indeed, courts have routinely held that bifurcation is appropriate where, as here, there is a claim of denial of benefits or insurance coverage and a claim of bad faith. See Cook, 169 F.R.D. at 361-62 ("Bifurcating the breach of contract claim from the extra-contractual claims is appropriate in the instant case. If the plaintiffs do not prevail on their breach of insurance contract claims, there can be no basis for concluding that the defendants acted in bad faith."); American Nat'l Red Cross, 924 F. Supp. at 306 (bifurcation of contract and bad faith claims increases trial efficiency because the disposition of the former could eliminate the need for the latter); O'Malley v. United States Fidelity & Guaranty Co., 776 F.2d 494, 501 (5th Cir. 1985) ("Since a recovery on the bad faith claim would not have been possible unless O'Malley prevailed on his coverage claim, the district court acted correctly in bifurcating the issues to avoid prejudice and to expedite the trial."); South Hampton Ref. Co. v. National Union Fire Ins. Co., 875 F. Supp. 382 (E.D. Tex. 1995) (severing plaintiff's bad faith claims in order to avoid prejudice and conserve judicial resources); Pound v. Hull & Co.; 1994 U.S. Dist. LEXIS 21174 (N.D. Miss. 1994) (bifurcation of breach of contract and bad faith claims is necessary to avoid confusion to the jury and prejudice to the defendants). Hunte v. Amica Mut. Ins. Co., 68 Conn. App. 534 (2002) (noting that trial court granted motion to bifurcate the trial of the breach of contract claim from trial of the bad faith claims).

The cases relied upon by the plaintiff for the proposition that bifurcation should not be granted are inapposite. In all but two of the cases cited by the plaintiff, the motions to bifurcate asked the courts to sever the breach of contract claims from the bad faith claims for purposes of discovery and trial, with the goal of postponing all discovery on the bad faith issues until after both discovery and trial on the breach of contract claims had occurred. While it is understandable that the

many years of delay attendant upon severing claims in this fashion as undesirable, these cases are irrelevant to the motion before this Court. The defendants here ask only that the trial be conducted before one jury in two phases, which would not result in any delay and no prejudice to the parties.

The remaining two cases relied upon by the plaintiff, Hangarter v. Paul Revere Life Ins. Co., 236 F. Supp. 2d 1069 (N.D. Cal. 2002)[1] and Reading Tube Corp. v. Employers Ins., 944 F. Supp. 398 (E.D. Pa. 1996), are similarly irrelevant. In these cases the defendants sought to bifurcate the liability and damages portions of the trial, not breach of contract and bad faith claims.

The plaintiff asserts that the evidence relating to his claims is so intertwined that it cannot be submitted to the jury independently. This assertion ignores the fact that the evidence is intertwined only because the plaintiff must first prove that he is totally disabled under the terms of the policies in order to proceed on his claim of breach of the implied covenant of good faith and fair dealing. The evidence relating to whether the plaintiff is totally disabled will focus on the plaintiff's physical and psychiatric condition, medical records, and activities. In contrast, the evidence relating to the plaintiff's good faith and fair dealing claim will focus on *the manner* in which the defendants handled the plaintiff's claim for benefits.

Indeed, the plaintiff's own list of witnesses demonstrates that the overlap of evidence is relatively minor. More than half of the witnesses identified by the plaintiff[2] have been described as providing possessing information relating to the defendants' claims handling procedures in general

---

[1] The precedential value of Hangarter is further minimized by the fact that this anomalous ruling is currently on appeal.
[2] Specifically, the plaintiff has identified the following witnesses solely in connection with his breach of the implied covenant of good faith and fair dealing claim: Michael Delizia, Helen McGonigal, Bradford Babbitt, Louis Viola, Ralph Mohney, Patrick Fergal McSharry, Linda Nee and Thomas Basden Heys. The Court should be aware that the defendants have filed a separate motion *in limine* to exclude the testimony of most of these witnesses.

and in connection with the plaintiff's claim, and possess no information whatsoever regarding whether the plaintiff is eligible for benefits under the policies.

Moreover, most of the witnesses needed for the breach of contract portion of the case – specifically, the plaintiff's treating physicians and other medical witnesses, and the plaintiff's employee – possess no information as to the breach of implied covenant of good faith and fair dealing claim. The evidence relating to the breach of contract claim and the breach of the implied covenant of good faith and fair dealing claim is sufficiently distinct to allow the breach of contract issue to go to the jury independently of the breach of the implied covenant of good faith and fair dealing. See Pound v. Hull & Co., 1994 U.S. Dist. LEXIS 21174 * 10 (N.D. Miss. 1994) ("The court finds that the underlying contract claim under the liability policy is not so 'interwoven with the [bad faith issues] that it cannot be submitted to the jury independently of the others without confusion or uncertainty, which would amount to a denial of a fair trial.'")

## II. BIFURCATION AVOIDS CONFUSION AND PREJUDICE

Bifurcation is also appropriate because it will simplify the issues to be considered by the jury and will eliminate the risk that evidence relating to the bad faith claim could subject the defendants to undue prejudice. "The prejudice Rule 42(b) seeks to avoid is the risk that evidence pertaining to one issue will improperly influence the jury's determination of another issue." Steven S. Gensler, "Bifurcation Unbound," 75 Wash. L. Rev. 705, 764-5 (2000). "In a bifurcated trial, the jury cannot improperly use evidence pertaining to the separated issue because the jury simply does not hear the evidence at that stage of the trial." Id., at 765. See also Cook, 169 F.R.D. at 362 ("in a bifurcated

trial, the jury may hear the underlying underinsured motorist coverage claim without the issues being obscured by the concurrent presentation of evidence relating to the bad faith claims.")

Evidence of bad faith is completely irrelevant to the issue of whether the plaintiff can ever prove that he is totally disabled within the terms and conditions of the policies. Allowing the introduction of such evidence before the jury determines the threshold contract issue of whether the plaintiff has a valid claim for benefits will unduly prejudice the jury against the defendants and mislead the jury because it will create an impression that the jury can assess liability against the defendants in spite of the plaintiff's failure to demonstrate an entitlement to any benefits at all pursuant to a breach of contract. See United States v. Figueroa, 618 F.2d 934, 943 (2d Cir. 1980) ("the prejudicial effect may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly excite emotions against the defendant.") No amount of instruction or cautioning by the Court can prevent jurors from unconsciously being influenced in these findings by evidence that has no relationship to the breach of contract, but attacks the integrity of the defendants.

Bifurcation is particularly necessary here to counter the prejudicial effect of the plaintiff's proposed witnesses. The plaintiff intends to offer evidence of the defendants' alleged pattern of misconduct in connection with their administration of their policies. In addition to attempting to have an erstwhile expert testify about bad faith in general, the plaintiff has identified several witnesses who have testified in other lawsuits against the defendants, apparently in the hope of convincing that jury that even if the defendants did not act inappropriately in regards to this claim, they have acted badly in the past and, thus, should be punished.

To avoid the risk of confusing the jury regarding what evidence it is permitted to consider when deciding the contract claim for coverage, and the risk that evidence relating to the defendants' alleged bad faith may unfairly excite the jury's emotions against the defendants, evidence relating to the plaintiff's breach of good faith and fair dealing claim should be presented to the jury only after the threshold issue of coverage has been determined. See Aetna Casualty & Surety Co. v. Nationwide Mut. Ins. Co., 734 F. Supp. 204, 208 (W.D. Pa. 1989) (district court ordered bifurcation "because of the substantial risk of prejudice to [the defendant insurer] from joining the coverage and bad faith issues."); Pound, 1994 U.S. Dist. LEXIS 21174 * 10-11 ("the court finds that bifurcation is necessary to avoid confusion. The court further finds that bifurcation of the contract claim from the numerous claims for damages is necessary to avoid prejudice to the defendants."); American Nat'l Red Cross, 924 F. Supp. at 308 ("trial of the defendants' affirmative defenses along with ARC's bad faith claims could subject defendants to undue prejudice.")

## III.  CONCLUSION

"Severance is appropriate when it will serve the ends of justice and further the prompt and efficient disposition of litigation." Levine v. Federal Deposit Ins. Corp., 136 F.R.D. 544, 550 (D. Conn. 1991) For the reasons set forth herein, as well as in the defendants' initial memorandum, the defendants respectfully request the Court to bifurcate the trial such that the plaintiff must prove the existence of a breach of contract before presenting evidence regarding his claim of breach of the implied covenant of good faith and fair dealing.

DEFENDANTS,
UNUMPROVIDENT CORPORATION F/K/A
PROVIDENT COMPANIES, INC., THE PAUL
REVERE LIFE INSURANCE COMPANY,
PROVIDENT LIFE AND ACCIDENT INSURANCE
COMPANY OF AMERICA and JOHN HANCOCK
MUTUAL LIFE INSURANCE COMPANY,

By /s/ Erin O'Brien Choquette
Theodore J. Tucci (ct05249)
ttucci@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860)275-8299

**CERTIFICATION**

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid, on

October 17, 2003 to the following:

Jonathan Katz, Esq.
Alinor Sterling, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT  06503

/s/ Erin O'Brien Choquette
Erin O'Brien Choquette