FILED

UNITED STATES DISTRICT COURT    2003 OCT 17  P 2: 21
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE | : |
|     Plaintiff, | : |
| vs. | :    CIVIL NO. 3:00CV01096 (SRU) |
| | : |
| UNUMPROVIDENT CORPORATION | : |
| F/K/A PROVIDENT COMPANIES, INC., | : |
| THE PAUL REVERE LIFE INSURANCE | : |
| COMPANY, PROVIDENT LIFE AND | : |
| ACCIDENT INSURANCE COMPANY OF | : |
| AMERICA and JOHN HANCOCK | : |
| MUTUAL LIFE INSURANCE COMPANY, | : |
| | : |
|     Defendants. | :    OCTOBER 17, 2003 |

## DEFENDANTS' REPLY RE: MOTION
## TO EXCLUDE EXPERT TESTIMONY
## REGARDING PLAINTIFF'S BAD FAITH CLAIM

### I.    INTRODUCTION

In order to succeed on his claim of breach of the implied covenant of good faith and fair

dealing, the plaintiff must prove that the defendants lacked a reasonable basis for denying his claims

or acted with reckless disregard of their lack of reasonable basis. United Techs. Corp. v. American

Home Assur. Co., 989 F. Supp. 128, 156-57 (D. Conn. 1997). Thus, the determination of this issue

focuses on the defendants' conduct toward the plaintiff specifically, not on the defendants' alleged

general business practices. The allegedly "specialized" knowledge possessed by the plaintiff's

expert in is not necessary to assist the jury in its deliberations. Moreover, the area of Mr. Delizia's

alleged expertise – industry standards and practices – is irrelevant to the issues in dispute. Finally,

HART1-1124244-1

with appropriate instructions from the Court, the jury will be perfectly competent to understand the

legal concept of insurance bad faith without input from the proposed expert on what is the

appropriate legal standard. Accordingly, Mr. Delizia's testimony must be excluded.

## II.    THE JURY IS CAPABLE OF ANALYZING THE EVIDENCE WITHOUT THE ASSISTANCE OF AN EXPERT

Under Rule 702 of the Federal Rules of Evidence, expert testimony is admissible only if the

court determines that the expert witness has scientific, technical, or other specialized knowledge

which will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R.

Evid. 702; Stagl v. Delta Air Lines, 117 F.3d 76, 81 (2d Cir. 1997). Expert testimony regarding

simple issues of fact is improper. Andrews v. Metro N.C.R., 882 F.2d 705, 708 (2d Cir. 1989).

Expert testimony should be excluded where "'all the primary facts can be accurately and intelligibly

described to the jury, and if they, as [persons] of common understanding, are as capable of

comprehending the primary facts and of drawing correct conclusions from them as are witnesses

possessed of special or peculiar training, experience or observation in respect of the subject under

investigation.'" Salem v. United States Lines Co., 370 U.S. 31, 35, 82 S. Ct. 1119, (1962), quoting

United States Smelting Co. v. Parry, 166 F. 407, 415(8th Cir. 1909).

In the present case, the plaintiff's proposed expert witness offers no scientific information or

specialized knowledge without which the trier of fact would not be capable of understanding the

evidence or determine the facts at issue. While he purports to have specialized knowledge as to the

field of disability insurance, Delizia's report indicates that none of that allegedly specialized industry

information played any role in formulating his opinion that the defendants acted in bad faith.

Instead, Delizia's opinion is based on the same tools and evidence that would be provided in whole or in part, to a finder of fact through any other witnesses and evidence.[1]

The plaintiff argues that Mr. Delizia's testimony is necessary to provide background into insurance industry standards and general practices. Assuming that the fact that someone once worked for an insurer makes him an expert in industry standards, Mr. Delizia's background in underwriting for another insurer (Pl. Mem. p. 4) has no relevance to the process of handling a claim for benefits. Even if it did, industry standards and general practices are not relevant to the issue in dispute in the first place. The only question for the jury in connection with the plaintiff's claim of the implied covenant of good faith and fair dealing is whether the defendants had a reasonable basis for their claim decision.[2] McCauley Enterprises. Inc. v. New Hampshire Ins. Co., 716 F. Supp. 718, 722 (D. Conn. 1989) ("when a good faith legal controversy exists such as in this case, the insurer's withholding of the policy's proceeds cannot be found to be in bad faith even if the insurer's position is ultimately found to be erroneous."); Cowan v. Paul Revere Life Ins. Co., 2002 U.S. App. LEXIS 2454 at * 9 (6th Cir. February 11, 2002) (where insurer had a reasonable basis to deny claim, there is no bad faith).

In order to determine whether the insurer had a reasonable basis for its claims decision, the

---

[1] The plaintiff's argument that because the defendants did not object to Mr. Delizia's report or depose Mr. Delizia during discovery, they are precluded from moving to preclude his testimony at trial is without any legal basis. Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence require a defendant to depose a witness whose testimony is inadmissible or object to the report of a purported expert during discovery.

[2] Notably, when considering the admissibility of the proposed expert in Hangarter v. Paul Revere Life Ins. Co., 236 F. Supp. 2d 1069, 1089, the Court made particular mention of the fact that the expert had actually worked for the defendants, and thus, was familiar with their policies and procedures. Moreover, because Hangarter is currently on appeal, its precedential value regarding whether the trial court correctly allowed the bad faith expert to testify at all is limited.

fact-finder must focus on what the defendants knew and did during the time the claim was being

reviewed, not on generalized industry standards. "The examination of good faith and fair dealing in

the settling of an insurance claim requires a case-by-case analysis." Verrastro v. Middlesex Ins. Co.,

207 Conn. 179, 190 (1988). See also Timberlake Constr. Co. v. United States Fidelity & Guar. Co.,

71 F.3d 335, 345 (10th Cir. 1995) ("the insured must make a showing that material facts were

overlooked or that a more thorough investigation would have produced relevant information.");

Genovese Enters., Inc. v. Sphere Drake Ins. Plc, 1996 Conn. Super. LEXIS 2384 (Conn. Super. Ct.

Sept. 9, 1996) (failure to conduct a reasonable investigation would raise a question of whether the

defendants acted in bad faith). Accordingly only evidence regarding how the defendants handled the

plaintiff's claim in particular – as opposed to industry practices in general – is relevant to this cause

of action. Hyde Athl. Indus. Inc. v. Continental Cas. Co., 969 F. Supp. 289, 307 (E.D. Pa. 1997) (in a

bad faith claim, the issue is whether the insurer acted with ill will toward the plaintiff in the

particular case, not whether the defendants' business practices were generally reasonable).

     The jury is perfectly capable of reviewing the same facts noted by Mr. Delizia and reaching

its own conclusion as to whether the defendants had a reasonable basis for its decision to terminate

benefits. As such, the testimony of Mr. Delizia must be excluded. See Mazzamuto v.

UNUMProvident Corp, No. 101CV1157, at 15 (M.D. Pa. May 6, 2003) (excluding proposed expert

witness on bad faith on the grounds that "the jury could understand the concept of insurance bad

faith without assistance from an expert.")[3]

     The cases relied upon by the plaintiff for the proposition that expert testimony is appropriate

---

[3] A copy of this case is attached hereto as Exhibit 1.

in bad faith claims are inapposite because they relate to different types of claims than the claim the

plaintiff has brought in this case.  For example, Clearwater v. State Farm Mut. Auto. Ins. Co., 780

P.2d 423, 428 (Ariz. Ct. App. 1989), Clark v. Interstate Nat'l Corp., 486 F. Supp. 145 (E.D. Pa.

1980), and Groce v. Fidelity General Ins. Co., 448 P.2d 554 (Or. 1968) each involved a claim that a

liability insurer acted in bad faith in refusing to settle an underlying claim against its insured (not a

claim by the insured against the insurance company).  In determining whether the insurer acted in

bad faith, the juries were required to consider "(1) the amount of financial risk to which each part is

exposed in the event of a refusal to settle; (2) the strength of the injured claimants' case on the issues

of liability and damages; (3) the failure of the insurance company to inform the insured of offers of

settlement; and (4) the failure of the insurance company to properly investigate circumstances so as

to ascertain the evidence against the insured." Clearwater, 780 P.2d at 426.  While it is reasonable

that expert testimony may be necessary to assist a jury in its determination of these issues,

particularly with regard to the strength of the claimant's underlying case, such expert testimony is

not necessary here.  All that a jury needs to determine here is whether the defendants had a

reasonable basis for concluding that the plaintiff was not disabled under the terms of the policies.

The plaintiff's reliance on Hennessey v. Traveler's Property Cas. Ins. Co., 1999 WL 240231

(Conn. Super. Ct. April 14, 1999) is similarly misplaced.  The Hennessey decision has nothing to do

with the question of whether expert testimony would ultimately be admissible at trial.  To the

contrary, the court simply denied the defendants' motion to strike the plaintiff's breach of the

implied covenant of good faith and fair dealing claim and his Connecticut Unfair Insurance Practices

Act.  Moreover, Hennessey involved the defendant's allegedly wrongful failure to settle in

connection with an underinsured motorist claim, not a claim for wrongful denial of disability benefits. <u>Novell v. American Guar. & Liab. Ins. Co.</u>, 15 P.3d 775 (Colo. App. 1999) is similarly inapposite. In <u>Novell</u>, the expert offered specialized testimony regarding the applicable statutes governing the plaintiff's claims. <u>Novell</u>, 15 P.3d at 779. Expert testimony is simply not necessary where, as here, the plaintiff has filed a common law claim of breach of the implied covenant of good faith and fair dealing. Because such testimony is not necessary, it must be excluded. Fed. R. Evid. 702; <u>Stagl,</u> 117 F.3d at 81.

## III.    THE PROPOSED EXPERT TESTIMONY IMPROPERLY INVADES THE EXCLUSIVE PROVINCES OF THE COURT AND THE JURY

The plaintiff argues that Mr. Delizia's testimony is necessary to interpret the policies (including terms such as "pre-existing condition") and explain what constitutes bad faith. That is not the job of a purported expert. Instruction in interpreting the policy provisions or understanding the legal concept of the implied covenant of good faith and fair dealing, is the responsibility of the Court, not an expert witness.

In general, "the use of expert testimony is not permitted if it will 'usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it.'" <u>United States v. Duncan</u>, 42 F.3d 97, 101 (2d Cir. 1994) (internal citation omitted). Opinions calculated to "invade the province of the court to determine the applicable law" are excluded. <u>See</u> <u>Federal Aviation Admin. v. Landy</u>, 705 F.2d 624, 632 (2d Cir.), *cert. denied*, 464 U.S. 895 (1983).

Moreover, as is demonstrated by both Mr. Delizia's report and the plaintiff's memorandum

of law, Mr. Delizia is being offered to testify that the defendants acted in bad faith.  By given an

opinion that is a legal conclusion, Mr. Delizia usurps both the Court's obligation to determine the

legal standards and the jury's obligation to apply the legal standards to the facts in evidence.  As

such, Mr. Delizia's testimony must be excluded.  "[T]his Court requires the exclusion of testimony

[that] states a legal conclusion."  United States v. Feliciano, 223 F.3d 102, 121 (2d Cir. 2000)

(quotation marks and citation omitted); see also Marx & Co. v. Diners' Club, Inc., 550 F.2d 505, 510

(2d Cir. 1977).  Indeed, "this circuit is in accord with other circuits in requiring exclusion of expert

testimony that expresses a legal conclusion," Hygh v. Jacobs, 961 F.2d 359, 363 (2d Cir. 1992).

Even in Hangarter v. Paul Revere Life Ins. Co., 236 F.Supp.2d 1069, 1090 (N.D.Cal. 2002) which

took a considerably pro-plaintiff posture, the court held that the expert was not entitled to render an

opinion on the ultimate issues in the case, i.e., whether the defendants acted in bad faith.

Further, Mr. Delizia's testimony that the defendants acted in bad faith necessarily

incorporates testimony as to what constitutes bad faith as a matter of law.  Numerous cases have

discussed the prohibition against an expert testifying as to what is the law.  In Farmland Indus. v.

Frazier-Parrott Commodities, 871 F.2d 1402 (8th Cir. 1989), the Eighth Circuit Court citing

Adalman v. Baker, Watts & Co., 807 F.2d 359 (4th Cir. 1986), held that the District Court properly

precluded plaintiff's witness from testifying as to the requirements of the rules of the Commodity

Futures Trading Commission.  Farmland at 409.  The Court in Farmland also observed that the

special legal knowledge of the Judge made the witness's testimony "superfluous," and the admission

of the witness's testimony would give the appearance that the Court was shifting to the witness the

Court's responsibility to decide the case.  Farmland at 1409.

It is virtually universally accepted that it is the responsibility of the courts and not testifying witnesses, to define legal terms. See generally Berry v. City of Detroit, 25 F.3d 1342, 1353 (6th Cir. 1994) (". . . . It is the responsibility of the court, not testifying witnesses, to define legal terms. The expert's testimony in this regard invaded the province of the court."); United States v. Leo, 941 F.2d 181, 196 (3rd Cir. 1991) (stating that "it is not permissible for a witness to testify as to the governing law"); Specht v. Jensen, 853 F.2d 805, 807 (10th Cir. 1988) (en banc) ("There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge. . . . To allow anyone other than the judge to state the law would violate the basic concept.") (quotation marks and citation omitted); Adalman, 807 F.2d at 368 ("From beginning to end, it is obvious that Appellants proffered [the person] as an expert witness to testify in substantial part to the meaning and applicability of [law]. This flies squarely in the face of the precedent -- and the logic of that precedent. . . .").

Further, Mr. Delizia's opinions regarding the state of mind of Ms. Brissette and whether the defendants acted in honesty and candor toward the plaintiff improperly invades the jury's role in determining the credibility of witnesses. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 619 (2d Cir. 1996) (credibility assessments are the function of the jury); Federal Aviation Administration v. Landy, 705 F.2d 624, 631 (2d Cir. 1983)(the jury is charged with making a determination regarding intent). Because Mr. Delizia's testimony is not intended to assist the jury, but rather to supplant the jury's role, it must be excluded.

## IV.    THE PROPOSED EXPERT'S TESTIMONY IS UNDULY PREJUDICIAL

Even if Mr. Delizia's testimony could be admissible pursuant to Rule 702 of the Federal

Rules of Evidence, it must be disallowed pursuant to Rules 402 and 403, because its prejudicial

effect substantially outweighs its probative value. "Expert evidence can be both powerful and quite

misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing

possible prejudice against probative force under Rule 403 of the present rules exercises more control

over experts than over lay witnesses." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579,

595 (1993).

Mr. Delizia's testimony, which consists of his own personal opinions and conclusions, is

completely "divorced from the scientific, medical or other expert basis that qualified the witness in

the first place." United States v. Hall, 93 F.3d 1337, 1344 (7th Cir. 1996). When told that a certain

witness is an expert, a jury may be misled into accepting that individual's opinions unquestioningly

instead of reaching its own decision. In Duncan, 42 F.3d at 100, the Second Circuit observed:

> When an expert undertakes to tell the jury what result to reach, this does not aid the
> jury in making a decision, but rather attempts to substitute the expert's judgment for
> its own. When this occurs, the expert acts outside of his limited role of providing the
> groundwork in the form of an opinion to enable the jury to make its own informed
> determination. In evaluating the admissibility of expert testimony, this Court requires
> the exclusion of testimony which states a legal conclusion.

Id. at 101 (citations omitted). See also United States v. Schatzle, 901 F.2d 252, 257 (2d Cir. 1990)

(affirming district court's ruling excluding expert witness testimony, finding that "the jury was

capable of assessing the reasonableness of [defendant's] conduct on its own", and that expert

opinion on issue might confuse jury). The notes of the Advisory Committee to Rule 704 provide:

> Under Rule 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what results to reach, somewhat in the manner of the oath-helpers of an earlier day.

Because the jury is likely to give unwarranted deference to Mr. Delizia's opinions cloaked under the guise of an "expert," it would unduly prejudice the defendants to allow Mr. Delizia to testify where, as here, such testimony is unnecessary to the appropriate resolution of the claims in dispute.

## V.    CONCLUSION

For the above-mentioned reasons, as well as the reasons set forth in the defendants' initial memorandum, the defendants respectfully request that the Court exclude from evidence any and all expert testimony regarding the plaintiff's bad faith claims against the defendants.

DEFENDANTS,
UNUMPROVIDENT CORPORATION F/K/A
PROVIDENT COMPANIES, INC., THE PAUL
REVERE LIFE INSURANCE COMPANY,
PROVIDENT LIFE AND ACCIDENT INSURANCE
COMPANY OF AMERICA and JOHN HANCOCK
MUTUAL LIFE INSURANCE COMPANY,

By
Theodore J. Tucci (ct05249)
ttucci@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860)275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid, on the

17th of October 2003 to the following:

Jonathan Katz, Esq.
Alinor Sterling, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT  06503

Erin O'Brien Choquette

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VINCENZO MAZZAMUTO,      :      CASE NO. 1:01-CV-1157

     Plaintiff      :

     v.      :      (Judge Conner)

UNUM PROVIDENT CORPORATION;   :
PAUL REVERE LIFE INSURANCE    :
COMPANY; NEW YORK LIFE      :
INSURANCE COMPANY,      :

     Defendants      :

## M E M O R A N D U M

Before the court are the following motions: 1) defendants' motion in limine to exclude certain evidence from trial (Doc. 47); 2) defendants' motion in limine to bifurcate the trial (Doc. 49); 3) plaintiff's motion in limine to prohibit introduction of evidence concerning plaintiff's stock trading (Doc. 52); 4) plaintiff's motion to reopen discovery, file amended complaint, and extend deadlines (Doc. 74); 5) defendants' motion to file sur reply brief (Doc. 92); 5) defendants' motion to strike affidavit of plaintiff's counsel, Richard C. Angino (Doc. 94); 6) plaintiff's motion for reconsideration of the court's Order dated February 7, 2003 (Doc. 104); 7) plaintiff's motion for reconsideration of the court's Order dated March 17, 2003 (Doc. 121); 8) plaintiff's motion to file an amended complaint (Doc. 105); and 9) defendants' motion for leave to file supplemental brief in opposition to plaintiff's motions for leave to amend the complaint and for reconsideration of the summary judgment order (Doc. 142). The parties have fully briefed the issues, and the matters are ripe for disposition.

## I.        Background

This case arises from defendants' UNUM Provident Corporation ("UNUM"), Paul Revere Life Insurance Company ("Paul Revere"), and New York Life Insurance Company's ("New York Life") denial of plaintiff, Vincenzo Mazzamuto's ("Mazzamuto") claim for long term disability benefits based on back and psychiatric conditions.  Plaintiff filed the instant complaint on June 26, 2001. (Doc. 1).  In his complaint, Mazzamuto alleges common law breach of contract and statutory bad faith pursuant to 42 Pa. C.S.A. § 8371.  Id.

## II.       Defendants' Motion in Limine to Exclude Evidence at Trial

### A.   Dr. McSharry's Testimony

Defendants move the court to exclude the testimony and deposition of Dr. McSharry, plaintiff's proposed expert witness. (Doc. 47).  Trial courts must perform a "gatekeeping" function in order to ensure that all expert testimony heard by the factfinder is both relevant and reliable.  See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993); Oddi v. Ford Motor Co., 234 F.3d 136, 144 (3d Cir. 2000); Hamilton v. Emerson Electric Co., 133 F.Supp. 2d 360, 366 (M.D.Pa. 2001).  Appellate courts review a trial court's decision to admit or exclude expert testimony for abuse of discretion.  Kumho Tire, 526 U.S. at 152, General Electric Co. v. Joiner, 522 U.S. 136, 143 (1997); Elcock, 233 F.3d at 740-41.  A proposed expert must satisfy three requirements before the court permits his or her testimony to be heard by the factfinder.  First, the court must deem the expert "qualified."  Elcock v. Kmart Corp., 233 F.3d 734, 741 (3d Cir. 2000); Oddi, 234 F.3d at 145; In re Unisys Savings Plan Litigation, 173 F.3d 145, 155 (3d Cir. 1999).  Second, the evidence must be based on "reliable" methodology.  Id.  Finally, the proposed expert testimony must "fit" with

2

the subject matter of the case, or "assist the trier of fact" in resolving disputed factual issues. Id.

Dr. McSharry proposes to testify about defendants' alleged "pattern and practice" of denying claims for benefits in bad faith. Plaintiff argues that Dr. McSharry's testimony is relevant to the claim for statutory bad faith which he pled in his original complaint. However, the court's Order dated March 17, 2003 entered summary judgment on behalf of defendants on the bad faith count of plaintiff's complaint. (Doc. 117). Therefore, Dr. McSharry's evidence regarding a possible "pattern and practice" of bad faith benefit denials is irrelevant to the present lawsuit, which now consists of a single breach of insurance contract claim.

Plaintiff asserts that Dr. McSharry's testimony is relevant to plaintiff's individual claim for disability benefits. However, Dr. McSharry does not possess any personal knowledge concerning the facts of plaintiff's individual disability claim. (Doc. 71, Ex. 2). Dr. McSharry's proffered testimony does not "fit" the subject matter of the case, and would not "assist the trier of fact" in resolving the breach of contract claim. Elcock, 233 F.3d at 741; Oddi, 234 F.3d at 145; In re Unisys Savings Plan, 173 F.3d at 155. Therefore, the court will not permit Dr. McSharry to testify as an expert witness at trial. His lack of personal knowledge concerning Mr. Mazzamuto's individual claim for disability benefits prohibits Dr. McSharry from testifying as a fact witness in this matter. See FED. R. EVID. 602. Therefore, the court will grant defendants' motion in limine to exclude the testimony, deposition, and all newspaper articles relating to Dr. McSharry.

3

## B.    Dr. Schneider's Testimony

Defendants further move the court to exclude the testimony of Dr. Stanley Schneider. (Doc. 47). Dr. Schneider conducted a Clinical Psychological Disability Evaluation of Mazzamuto in July 2001. (Doc. 26, Ex. F). The Social Security Administration ("SSA") utilized this report when adjudicating Mazzamuto's claim for Social Security Disability benefits. (Doc. 26, Ex. G). Plaintiff's counsel designates Dr. Schneider as an expert witness in his pre-trial memorandum dated April 16, 2003 (Doc. 136).

Discovery closed on June 28, 2002. (Doc. 13). Plaintiff's counsel did not identify Dr. Schneider by that date. Federal Rule of Civil Procedure 26(a)(2) requires a litigant to submit a report identifying all expert witnesses. FED. R. CIV. P. 26(a)(2). This report must contain detailed information concerning the proposed expert's qualifications and compensation, along with a complete statement regarding his or her proposed testimony. FED. R. CIV. P. 26(a)(2)(B). Plaintiff has not produced an expert report in compliance with this rule, and defendants argue that such failure is grounds for exclusion. (Doc. 48).

Plaintiff contends that because Dr. Schneider was not retained for the sole purpose of providing expert testimony at trial, the requirements of Rule 26(a)(2) do not apply to his testimony. (Doc. 58). This court has previously held that Rule 26 requirements do not apply to Dr. Bower, who served as Mazzamuto's treating physician for many years. (Doc. 101). See also Bucher v. Gainey Transportation Svc. of Indiana, Inc., 167 F.R.D. 387, 390 (M.D.Pa. 1996) (quoting FED. R. CIV. P. 26 (a)(2)(B) advisory committee's notes). While Dr. Schneider did not act as a "treating physician" when examining Mazzamuto, plaintiff did not employ him for the sole purpose of providing expert testimony at trial. See id.

4

Courts should not impose the extreme sanction of exclusion of evidence absent a showing of willful deception or flagrant disregard of a court order. Id. at 389 (citations omitted). When determining whether an proposed medical expert qualifies as a "treating physician," the court must focus on the substance of the testimony, not the rigid status of the witness. See id. Plaintiff did not employ Dr. Schneider. This witness will base his testimony on his observations of Mazzamuto's mental condition during the July 2001 examination. Moreover, Dr. Schneider provided the functional equivalent of an expert's report in the form of his "Clinical Psychological Disability Evaluation" dated July 13, 2001. (Doc. 26, Ex. F). Consequently, Dr. Schneider's testimony should present no surprise to the defendants. Based upon the unique circumstances surrounding Dr. Schneider's involvement in this matter, the court finds that the strictures of Rule 26(a)(2) do not mandate the exclusion of Dr. Schneider's testimony. Hence, the court will deny defendants' motion in limine to exclude Dr. Schneider's testimony.[1]

### C.    Correspondence Between Counsel

Plaintiff asserts that certain items of correspondence between counsel provide evidence of statutory bad faith. (Doc. 58). The court has entered summary judgment on behalf of defendants on this statutory bad faith claim. (Doc. 117). Mazzamuto does not contend that this correspondence relates to the remaining breach of contract claim. Therefore, the court will grant defendants' motion in limine to exclude the proffered correspondence from trial.

---

[1]However, the court will require plaintiff's counsel to provide opposing counsel with a current curriculum vitae and copies of any documents relied upon by Dr. Schneider in the preparation of his clinical evaluation. Dr. Schneider's testimony will be limited to those matters falling within the fair scope of his clinical evaluation.

### D.    The Social Security Administration Disability Determination

On July 25, 2002, the SSA adjudicated Mazzamuto disabled and entitled to benefits. (Doc. 26, Ex. G).  Defendants move to exclude all evidence relating to this determination as irrelevant and unfairly prejudicial.[2]  (Doc. 48).  They contend that the insurance contract at issue applies a different standard than the SSA when determining whether an individual is qualified to receive benefits.  Id.  Defendants argue that these disparate standards render the SSA disability determination irrelevant, and that knowledge of the adjudication would unfairly prejudice and confuse the jury. (Doc. 48).  In addition, defendants argue that the evidence considered during the determination of plaintiff's insurance contract claim differs from the record examined by the SSA.  Id.

According to the policy, an insured is totally disabled if he or she "cannot do the substantial and material duties of his or her regular job." (Doc. 21, Ex. A at p. 699).  The SSA finds an individual "disabled" if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ." (Doc. 26, Ex. G).  While the SSA determination of disability does not control defendants' decision, Mazzamuto's satisfaction of their standard is relevant to the present contract dispute.  See Edgerton v. CNA Insurance Co., 215 F.Supp.2d 541, 549 (E.D.Pa. 2002) (although an SSA decision is not dispositive in determining whether an Employee Retirement Income Security Act ("ERISA") administrator's decision to deny benefits is arbitrary and capricious, it is a relevant factor that should be considered).

---

[2]See FED. R. CIV. P. 401, 403

6

While the ERISA "arbitrary and capricious" standard differs from the definition of disability set forth in the contract at issue, it similarly diverges from the SSA criteria. See id. The court finds that the SSA determination of disability is relevant to the present action, and that such relevance outweighs any potential prejudice to defendants. See FED. R. EVID. 401, 403. Therefore, the court will deny defendants' motion in limine to exclude evidence of the SSA determination of disability.

### E.    The Waiver of Life Insurance Premiums

Defendants further argue for the exclusion of evidence that defendant New York Life waived plaintiff's premiums under a separate life insurance policy. (Doc. 47). On June 14, 2002, New York Life waived payment of Mazzamuto's life insurance premiums. (Doc. 26, Ex. H). New York Life waived these premiums because plaintiff satisfied the definition of "total disability" as set forth in this life insurance policy. See id. Defendants contend that evidence of waiver of premiums is irrelevant because materially different definitions of disability govern these separate policies. (Doc. 48).

There appears to be no legal authority directly on point within the Third Circuit on this issue. Defendants cite two cases which hold that waiver of life insurance premiums based on disability does not estop an insurer from denying benefits under a separate disability policy. See Bucks v. Reliance Standard Life Ins. Co., 2000 WL 659029 (6th Cir. 2000); Gonyea v. John Hancock Mutual Life Ins. Co., 812 F.Supp. 445 (D.Vt. 1993). However, neither case stands for the proposition that exclusion of the evidence in question is somehow required under Rule 403.

While New York Life's decision to waive life insurance premiums does not require a favorable disability benefit determination, the court finds that it is

7

relevant evidence which the jury should consider. See id. Under Rule 403, the court finds that the probative value of this evidence outweighs the potential prejudice to the defendants who are free to explain the different nuances of policy language to the jury. See FED. R. CIV. P. 403. Therefore, the court will deny defendants' motion in limine to exclude New York Life's waiver of life insurance premiums.

**III.     Defendants' Motion in Limine to Bifurcate the Trial**

Defendants move the court to bifurcate the issues of liability and punitive damages at trial. (Doc. 50). Plaintiff did not oppose this motion. (Doc. 56). Plaintiff originally requested punitive damages under a statutory bad faith claim. (Doc. 1). However, in an Order dated March 17, 2003, the court entered summary judgment in favor of defendants on this bad faith claim. (Doc. 117). Only a breach of contract claim remains to be tried. Therefore, the court will dismiss defendants' motion in limine to bifurcate the trial as moot.

**IV.     Plaintiff's Motion in Limine to Exclude all Evidence Regarding Mazzamuto's Stock Trading**

Plaintiff moves the court to exclude all evidence regarding the stock trading conducted by Mazzamuto after the onset of his alleged disability. (Doc. 52). Mazzamuto submitted a claim for disability benefits based on a back condition and an emotional disorder. Id. This emotional disorder allegedly creates severe anxiety and difficulty concentrating, which prevents Mazzamuto from performing managerial duties at his pizza restaurant. Id. After he ceased working due to these alleged conditions, Mazzamuto began trading stocks on the Internet. (Doc. 22, Ex. C pp. 49-54). Plaintiff alleges that the court should exclude all evidence regarding this stock trading because it is irrelevant and highly prejudicial. See FED. R. EVID. 401, 403.

8

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Courts must admit all relevant evidence unless another rule requires its exclusion. Id. In the present action, plaintiff alleges that his anxiety and inability to concentrate render him incapable of performing the substantial and material duties of his past occupation. (Doc. 52 & Doc. 21, Ex. A at p. 699). His ability to perform these duties is central to the present breach of contract action. Evidence that plaintiff engaged in online stock trading is clearly relevant to the plaintiff's functional ability. See FED. R. CIV. P. 401. Therefore, the court finds that the evidence of plaintiff's stock trading is relevant to this matter.

Mazzamuto further argues that any probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 403. Evidence of plaintiff's activities after a claim of disability, if significant, may be harmful to plaintiff's case. Such harm, however, does not require exclusion of the evidence unless the evidence would cause *unfair* prejudice or confusion. Indeed, two recent cases in this circuit have relied, in part, on evidence of the plaintiff's post-disability claim activities. See Russell v. Paul Revere Life Ins. Co., 148 F.Supp.2d 392, 404 (D.Del. 2001), aff'd, 288 F.3d 78 (3d Cir. 2002); Orvosh v. Program of Group Ins. For Salaried Employees of Volkswagon of America, Inc., 222 F.3d 123 (3d Cir. 2000).

Plaintiff fears that the jurors will regard Mazzamuto as a wealthy man if they hear evidence of six million dollars of stock trades. However, such evidence is probative of Mazzamuto's functional capacity and corresponding ability to perform his occupational duties. Plaintiff will have ample opportunity to explain his stock

9

trading and to reconcile the same with his alleged anxiety and concentration problems on direct examination, thereby eliminating any potential confusion of the issues. In light of these circumstances, the court concludes that plaintiff is not *unfairly* prejudiced by admission of evidence of plaintiff's stock trading. To the extent any such prejudice exists, it is far outweighed by the probative value of this evidence. Therefore, the court will deny plaintiff's motion in limine to exclude all evidence regarding plaintiff's stock trading.

V.      **Plaintiff's Motion to Reopen Discovery, File an Amended Complaint, and Extend Deadlines**

        Mazzamuto moves the court to reopen discovery in order to explore a potential "pattern and practice" bad faith claim against defendants. (Doc. 74). The amended case management order mandated completion of discovery by June 28, 2002. (Doc. 13). Trial in this matter was originally scheduled to commence on May 5, 2003. (Doc. 96).[3] In August 2002, plaintiff's counsel "learned that defendant UNUM Provident was potentially guilty of unfair and fraudulent insurance practices." (Doc. 74). He seeks permission to file an amended complaint, extension of deadlines, and the reopening of discovery. Id. Plaintiff intends to prove his claim for bad faith insurance practices through the testimony of Dr. McSharry, news reports, and decisions in other cases involving defendants. Id.

        The Federal Rules of Civil Procedure encourage discovery deadlines to ensure a prompt determination of every civil action. See Fidelity Deposit Co. v. McCulloch, 168 F.R.D. 516, 526 (E.D.Pa. 1996). Any decision to reopen discovery in this matter, or allow amendment of the complaint at this late stage of litigation,

---

        [3]Because of another pending matter (a seven day malpractice trial), trial in this matter was postponed. The court has scheduled a phone conference to set a new trial date as soon as practicable.

10

would delay resolution of the dispute. Plaintiff admits that trial will be postponed approximately six months if he is given leave to investigate a "pattern and practice" bad faith claim. (Doc. 74). The court deems this unacceptable.

The court has discretion to limit discovery when its burden and expense will outweigh the likely benefit. FED. R. CIV. P. 26(b)(2)(iii). Discovery on this potential "pattern and practice" claim could not produce any benefit because it is completely irrelevant to the remaining breach of contract claim. As discussed above, the court must exclude the testimony of Dr. McSharry, who plaintiff primarily relies on to prove this proposed claim. Therefore, the court will deny plaintiff's motion in limine to reopen discovery, amend his complaint, and extend deadlines.

**VI.        Defendants' Motion Requesting Leave of Court to File Sur Reply Brief**

Defendants request permission to file a sur reply brief in response to plaintiff's motion to supplement the record and plaintiff's motion to add additional authority. (Doc. 92). Plaintiff does not contest this motion. (Doc. 97). However, the court addressed plaintiff's motion to supplement the record and motion to add additional authority in an Order dated February 7, 2003. (Doc. 101). Therefore, the court will dismiss defendants' motion as moot.

**VII.       Defendants' Motion to Strike Affidavit of Plaintiff's Counsel
             Richard C. Angino**

Defendants filed a motion to strike an affidavit submitted to the court by plaintiff's counsel on December 23, 2002 (Doc. 91). (Doc. 94). The affidavit refers to a newspaper article, which was supplied to plaintiff's attorney by his "bad faith" expert. (Doc. 91). The court has excluded the testimony of plaintiff's proposed "bad faith" experts, Mr. Gordon Rose and Dr. McSharry. (Doc. 101). For the aforementioned reasons, the court determines that a "pattern and practice" bad faith

11

insurance argument is irrelevant to the action as presently framed.  Therefore, the
court will grant defendants' motion to strike the December 23, 2002 affidavit of
plaintiff's counsel.

**VIII.        Plaintiff's Motions for Reconsideration**

       **A.        Applicable Law**

       Before the court are plaintiff's motion for reconsideration of the court's
Order dated February 7, 2003 (Doc. 104) and plaintiff's motion for reconsideration of
the court's Order dated March 17, 2003.  (Doc. 117).

       "The purpose of a motion for reconsideration is to correct manifest
errors of law or fact or to present newly discovered evidence."  Harsco v. Zlotnicki,
779 F.2d 906, 909 (3d Cir. 1985).  A court should grant a motion for reconsideration
only "if the moving party establishes one of three grounds: (1) there is newly
available evidence; (2) an intervening change in the controlling law; or (3) there is a
need to correct a clear error of law or prevent manifest injustice."  General
Instrument Corp. of Delaware v. Nu-Tek Electronics & Mfg. Inc., 3 F.Supp. 2d 602, 606
(E.D.Pa. 1998) (citations omitted).  "A motion for reconsideration is not properly
grounded on a request that the Court simply rethink a decision it has already made."
Douris v. Schweiker, 229 F.Supp. 2d 391, 408 (E.D.Pa. 2002) (quoting Glendon Energy
Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993).

       **B.        Plaintiff's Motion for Reconsideration of the Court's Order
           Dated March 17, 2003**

       On March 17, 2003, the court issued an order granting summary
judgment on defendants' behalf on the statutory bad faith count of plaintiff's original
complaint.  (Doc. 117).  The court granted summary judgment because plaintiff failed
to demonstrate, by clear and convincing evidence, that a jury could find bad faith in

12

the denial of his claim.  Id.  See also Klinger v. State Farm Mutual Automobile Ins.
Co., 115 F.3d 230, 233 (3d Cir. 1997); Polselli v. Nationwide Mutual Fire Ins. Co., 23
F.3d 747, 750 (3d Cir. 1994); Simon v. Unum Provident Corp., 2002 WL 1060831 at * 6
(E.D.Pa. 2002).  In order to survive summary judgment, Mazzamuto must convince
the court that the average reasonable jury could hold that defendants did not have a
reasonable basis for their denial of benefits.  See 42 Pa. C.S.A. § 8371; Keefe v.
Prudential Property and Casualty Ins. Co., 203 F.3d 218, 225 (3d Cir. 2000); Terletsky
v. Prudential Property and Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994)
(quoting BLACK'S LAW DICTIONARY, 139 (6th ed. 1990)).

      Plaintiff argues that the court's reference to an "independent medical
examination," which was in fact conducted by an employee of defendants,
constitutes manifest error. (Doc. 121).  In addition, he further contends that the court
mischaracterized the cited legal authority, creating a clear error of law.  Id.  Neither
argument warrants reconsideration of the court's summary judgment ruling.

      Mazzamuto does not argue that the statutory bad faith standard cited
by the court is incorrect.  While several of the cases cited in the Order in question
may differ factually from the present action, the applicable standard remains intact.
Plaintiff fails to adduce any new evidence persuading the court to reconsider its
refusal to submit the statutory bad faith claim to the jury.  No reasonable factfinder
could find that defendants lacked a reasonable basis for their denial of plaintiff's
disability benefits.  See 42 Pa. C.S.A. § 8371; Keefe, 203 F.3d at 225; Terletsky, 649 A.2d
at 688 (quoting BLACK'S LAW DICTIONARY, 139 (6th ed. 1990)).

      The March 17, 2003 Order cited numerous inconsistencies in the record.
(Doc. 117).  For example, discrepancies exist regarding plaintiff's functional physical
and mental limitations, the level of physical exertion required to perform his job, and

13

the number of hours he must work per week. Id. In addition, defendants conducted an adequate investigation of Mazzamuto's claim. While plaintiff correctly observes that Dr. Clarke did not administer an independent medical examination of plaintiff, he fully reviewed all medical evidence on file and found plaintiff not disabled under the policy definition. The court was aware of Dr. Clarke's employment relationship with defendants, and did not regard this fact as determinative of the issue.

Plaintiff fails to demonstrate that the court's summary judgment order contained manifest errors of law or fact. See Harsco, 779 F.2d at 909. In addition, Mazzamuto has not produced any new evidence unavailable during consideration of the summary judgment motions. Id. Therefore, the court refuses to reconsider its summary judgment ruling and the court will deny plaintiff's motion for reconsideration of the court's memorandum and opinion dated March 17, 2003. (Doc. 121).

### C.    Plaintiff's Motion for Reconsideration of the Court's Order Dated February 7, 2003

In an Order dated February 7, 2003, the court excluded plaintiff's proposed bad faith expert witness, Mr. Gordon Rose. (Doc. 101). The court reasoned that expert testimony was not necessary to assist the jury in determining whether defendants engaged in bad faith in this matter. (Doc. 100). Plaintiff moves the court for reconsideration of this decision. (Doc. 104).

Contrary to plaintiff's argument in the instant motion, the aforementioned Order did not state that Mr. Rose lacked the qualifications to serve as an insurance expert. (Doc. 100). In addition, Mr. Rose's report convinced the court that he had examined the factual record. (See Doc. 104, Ex. B). As plaintiff correctly observes, the admittance or exclusion of expert testimony in bad faith

14

insurance actions lies within the trial court's discretion.  See Aloe Coal Co. v. Clark Equipment Co., 816 F.2d 110, 114 (3d Cir. 1987); Dinner v. United Svcs. Automobile Assoc. Casualty Ins. Co., 29 Fed. Appx. 823, 826 (3d Cir. 2002); Bergman v. United Svc. Automobile Assoc., 742 A.2d 1101, 1107 (Pa. Super. 1999).

The court exercised this discretion, and found that the jury could understand the concept of insurance bad faith without assistance from an expert. (Doc. 100).  No manifest error of law or fact mandates reconsideration of the February 7, 2003 Order.  See Harsco, 779 F.2d at 909.  In addition, the court has entered summary judgment on the bad faith count in defendants' favor, rendering Mr. Rose's testimony irrelevant to the instant action.  Therefore, the court will deny plaintiff's motion for reconsideration of the February 7, 2003 Order.  (Doc. 104).

IX.       **Plaintiff's Petition to File Amended Complaint**

Plaintiff requests permission to file an amended complaint, which would accuse defendants of engaging in a "pattern and practice" of bad faith denial of claims. (Doc. 105).  The court has addressed this issue in Section IV of this memorandum.  Mazzamuto's request to amend his complaint is moot because the court granted summary judgment on his bad faith allegations.

To the extent plaintiff's request was intended to encompass claims not yet addressed by the court, Mazzamuto's request is unduly delayed and would result in substantial prejudice to defendants.  Federal Rule of Civil Procedure 15 provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a).  The Third Circuit has held that a trial court should refuse leave to amend where (a) there has been undue delay in seeking the proposed amendment, (b) the opposing party would be prejudiced, or (c) the proposed amendment would

15

be futile. <u>Cureton v. National Collegiate Athletic Assoc.</u>, 252 F.3d 267, 273 (3d Cir. 2001).

Mazzamuto filed the petition for leave to amend on February 18, 2003. (Doc. 105). Discovery closed in June of 2002. (Doc. 13). While the court understands that plaintiff may have learned of the alleged "pattern and practice" of bad faith claim denials after he filed the original complaint, he certainly possessed this knowledge well in advance of February 2003.[4] (Doc. 105). Trial in the matter will be scheduled shortly. Therefore, the court concludes that there has been undue delay in seeking the proposed amendment. <u>See Cureton</u>, 252 F.3d at 273.

The court further holds that defendants would suffer substantial prejudice from any amendment of the complaint at this late juncture. <u>See id.</u> Defendants are preparing to try a breach of contract action. Should this breach of contract action transform into or back to an attack on defendants' business practices, defendants would be forced to materially alter their trial strategy shortly before the commencement of trial. Therefore, the court will deny plaintiff's petition for leave to amend the complaint. (Doc. 105).

X.    **Defendants' Motion in Limine to Exclude Untimely Identified Witnesses**

Defendants have filed a motion in limine to exclude nine untimely identified witnesses.[5] (Doc. 118). The court will address this motion during the telephone conference of counsel scheduled for May 13, 2003.

---

[4]Plaintiff filed his first "article" relating to defendants' alleged unfair business practices on August 22, 2002. (Doc. 105).

[5]These witnesses include: Antonio Mazzamuto, Francesco Mazzamuto, Angelo Mazzamuto, Antonia Tripoli, Pam Hagerich, Vincenzo Randazzo, James Marshall, Salvatore Ferrigno, and Ted Kosenske, M.D. (Doc. 119).

16

**XI.**     **Defendants' Motion for Leave to File Supplemental Brief in Opposition to Plaintiff's Motions for Leave to Amend the Complaint and for Reconsideration of Summary Judgment Order**

Defendants request permission to file a supplemental brief in opposition to plaintiff's motion for leave to amend complaint (Doc. 105) and motion for reconsideration of summary judgment order (Doc. 121). (Doc. 142). In light of the fact that this memorandum and accompanying order disposes of these motions, the court will dismiss defendants' motion as moot.


                                         S/ Christopher C. Conner
                                         CHRISTOPHER C. CONNER
                                         United States District Judge

Dated:   May 6, 2003

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENZO MAZZAMUTO, | : | CIVIL ACTION NO. 1:01-CV-1157 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| UNUM PROVIDENT CORPORATION, | : | |
| PAUL REVERE LIFE INSURANCE | : | |
| COMPANY; NEW YORK LIFE | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendants | : | |

## O R D E R

AND NOW, this 15th day of July, 2003, plaintiff is hereby ORDERED to file

his responses to defendants' motion in limine addressing *ex-parte* communications

by plaintiff's counsel (Doc. 165) and defendants' motion for reconsideration of

court's decision to admit evidence of the Social Security Administration's

determination of disability (Doc. 162) on or before Monday, July 28, 2003. If

necessary, reply briefs must be filed on or before August 6, 2003.


　　S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

15:47 JUL 15, 2003          TEL NO: 5702075633          #11456  PAGE: 2/3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VINCENZO MAZZAMUTO,** | : | **CASE NO. 1:01-CV-1157** |
| Plaintiff | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **UNUM PROVIDENT CORPORATION;** | : | |
| **PAUL REVERE LIFE INSURANCE** | : | |
| **COMPANY; NEW YORK LIFE** | : | |
| **INSURANCE COMPANY,** | : | |
| | : | |
| Defendants | : | |

## O R D E R

AND NOW, this 15th day of July, 2003, upon consideration of the

following motions: plaintiff's motion for reconsideration (Doc. 151); plaintiff's

supplemental motion for reconsideration of decision precluding expert testimony

(Doc. 153); plaintiff's second motion to supplement motion for reconsideration

(Doc. 154); plaintiff's third motion to supplement motion for reconsideration (Doc.

156); plaintiff's fourth motion to supplement motion for reconsideration (Doc. 159);

and plaintiff's fifth motion to supplement motion for reconsideration (Doc. 160), it

is hereby ORDERED that:

    1.    Plaintiff's second motion to supplement motion for reconsideration
          (Doc. 154) is GRANTED

2.   Plaintiff's third motion to supplement motion for reconsideration
     (Doc. 156) is GRANTED.

3.   Plaintiff's fourth motion to supplement motion for reconsideration
     (Doc. 159) is GRANTED.

4.   Plaintiff's fifth motion to supplement motion for reconsideration (Doc.
     160) is GRANTED.

5.   Plaintiff's motion for reconsideration (Doc. 151) is DENIED.

6.   Plaintiff's supplemental motion for reconsideration of decision
     precluding expert testimony (Doc. 153) is DENIED.

7.   The court will not entertain any motions for reconsideration of this
     order.  The court will automatically strike any such motions


              S/ Christopher C. Conner
              CHRISTOPHER C. CONNER
              United States District Judge