FILED

2003 OCT 17 P 2: 21

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN DOE                                    :
                                            :
    Plaintiff,                        :
vs.                                         :   CIVIL NO. 3:00CV01096(SRU)
                                            :
UNUMPROVIDENT CORPORATION                   :
F/K/A PROVIDENT COMPANIES, INC.,            :
THE PAUL REVERE LIFE INSURANCE              :
COMPANY, PROVIDENT LIFE AND                 :
ACCIDENT INSURANCE COMPANY OF               :
AMERICA and JOHN HANCOCK                    :
MUTUAL LIFE INSURANCE COMPANY,              :
                                            :
    Defendants.                       :   OCTOBER 17, 2003

### DEFENDANTS' REPLY RE: MOTION TO EXCLUDE JEFFREY SPENCER FROM OFFERING EXPERT TESTIMONY REGARDING THE PLAINTIFF'S MEDICAL CONDITION OR THE DUTIES OF THE PLAINTIFF'S OCCUPATION

**I.  DR. SPENCER IS NOT QUALIFIED TO OFFER AN OPINION ABOUT THE PLAINTIFF'S ABILITY TO PRACTICE AS AN ANESTHESIOLOGIST.**

The plaintiff does not dispute the fact that Dr. Spencer is not qualified as a psychiatric expert. Because Dr. Spencer lacks the requisite specialized knowledge and experience, he is not competent to opine about whether the plaintiff has a mental illness or whether the plaintiff's alleged psychological condition is such that it disables him from working as an anesthesiologist. The plaintiff states that he "does not intend that Dr. Spencer offer an expert psychiatric opinion as to plaintiff's illnesses." (Pl. Mem. 10.) In the next breath, the plaintiff states that Dr. Spencer will offer

HART1-1134317-1

an opinion to the effect that the plaintiff is incapable of practicing as an anesthesiologist based upon the opinions of the medical experts.

The plaintiff's assertion blithely ignores that fact that, since Dr. Spencer has no psychiatric background, he has no basis for assessing how the plaintiff's alleged medical condition could affect his ability to practice as an anesthesiologist. The plaintiff's argument was rejected in <u>Marsteller v. Security of America Life Ins. Co.</u>, 2002 U.S. Dist. LEXIS 17560 (N.D.Ohio Sept. 12, 2002). In <u>Marsteller</u>, the court held that although a Certified Public Accountant may offer an opinion, based on his professional experience, regarding how much time a CPA needs to use a computer, "any opinion [the witness] gives concerning what the plaintiff can accomplish with her medical condition is beyond his qualifications." <u>Id.</u>, at 11.

Moreover, the plaintiff's reliance on the holding in <u>Walker v. Soo Line R.R. Co.</u>, 208 F.3d 581, 587 (7th Cir. 2000) that "medical professionals have long been expected to rely on the opinions of other medical professions in forming their opinions" is misplaced. Unlike the expert in <u>Walker</u>, Dr. Spencer is not testifying as a "medical professional" for purposes evaluating the plaintiff's medical condition and reaching a diagnosis. To the contrary, Dr. Spencer is simply testifying as a professional regarding the parameters of the anesthesiology profession.

Although Dr. Spencer may be qualified as an expert in the practice of anesthesiology, this designation does not justify allowing him to offer opinion testimony about issues outside of his scope of expertise. <u>McNight v. Dormitory Auth. of the State of New York</u>, 189 F.R.D. 225, 229 (N.D.N.Y. 1999) (psychologist who was qualified to offer expert testimony about plaintiff's psychological problems was nonetheless barred from offering expert testimony about issues outside

his scope of expertise). Dr. Spencer has no specialized knowledge, skill, experience, training or education that would enable him to render an opinion about the plaintiff's mental state or its effect on his ability to perform the duties of his occupation. As such, the defendants respectfully request the Court to preclude Dr. Spencer from testifying about his opinion about whether the plaintiff is disabled. As explained below, it is also impermissible for Dr. Spencer to opine on what duties the plaintiff can or cannot perform.

## II.  THE QUESTION OF WHAT WERE THE PLAINTIFF'S IMPORTANT DUTIES AS AN ANESTHESIOLOGIST IS NOT AN APPROPRIATE ISSUE FOR EXPERT TESTIMONY

Under Rule 702 of the Federal Rules of Evidence, expert testimony is admissible only if the court determines that the expert witness has scientific, technical, or other specialized knowledge which will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; Stagl v. Delta Air Lines, 117 F.3d 76, 81 (2d Cir. 1997). Expert testimony regarding simple issues of fact is improper. Andrews v. Metro N.C.R., 882 F.2d 705, 708 (2d Cir. 1989).

Thus, expert testimony should be excluded where "'all the primary facts can be accurately and intelligibly described to the jury, and if they, as [persons] of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience or observation in respect of the subject under investigation.'" Salem v. United States Lines Co., 370 U.S. 31, 35, 82 S. Ct. 1119, (1962), quoting United States Smelting Co. v. Parry, 166 F. 407, 415(8th Cir. 1909).

The question of what are the plaintiff's important duties of his occupation can hardly be characterized as "a complicated morass of obscure terms and concepts." United States v. Duncan,

-3-

42 F.3d 97, 101 (2d Cir. 1994). The plaintiff himself can describe his job duties, skills and training at the time he filed his claim for benefits and while he was working at Nutmeg. Similarly, the testimony of Ms. McGannon regarding what she saw the plaintiff do at Nutmeg, together with the documents relating to the plaintiff's activities at Nutmeg (such as articles, the Nutmeg website and government documents) will enable the jury to understand what the plaintiff's duties were during the period of time the defendants were investigating his claims. Since "the jury will be in as good a position as the witness to draw" its own conclusions about what the plaintiff was actually doing and was capable of doing, Dr. Spencer's so-called expert testimony is unnecessary. Hester v. BIC Corp., 225 F.3d 178, 185 (2d Cir. 2000).

Indeed, the testimony offered by Dr. Spencer is more likely to confuse, rather than assist, the jury because Dr. Spencer has no personal knowledge regarding the plaintiff's job duties either before his claim for disability or while he was receiving benefits. Because Dr. Spencer has no specialized knowledge or training in connection with the practice of anesthesia in offices of clinics, or with the rapid detoxification procedures performed at the plaintiff's clinic, he will be unable to create a framework for the jury to properly understand the testimony of other witnesses.[1]

## III.    THE PROPOSED EXPERT'S TESTIMONY IS UNDULY PREJUDICIAL

Even if Dr. Spencer's testimony could be admissible pursuant to Rule 702 of the Federal Rules of Evidence, it must be disallowed pursuant to Rules 402 and 403, because its prejudicial effect substantially outweighs its probative value. "Expert evidence can be both powerful and quite

---

[1] The defendants object to the plaintiff's claim that the issue in dispute is whether the plaintiff is capable of working in a hospital. The policies provide that the plaintiff would be eligible for benefits if he is incapable of performing the duties of his occupation, and do not limit the definition of occupation to a particular location.

misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses." Daubert v. Merrell Dow Pharms., 509 U.S. 579, 595 (1993).

Dr. Spencer's testimony, which consists of his own personal opinions and conclusions, is completely "divorced from the scientific, medical or other expert basis that qualified the witness in the first place." United States v. Hall, 93 F.3d 1337, 1344 (7th Cir. 1996). When told that a certain witness is an expert, a jury may be misled into accepting that individual's opinions unquestioningly instead of reaching its own decision. In Duncan, 42 F.3d at 100, the Second Circuit observed:

> When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for its own. When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination. In evaluating the admissibility of expert testimony, this Court requires the exclusion of testimony which states a legal conclusion.

Id. at 101 (citations omitted). See also United States v. Schatzle, 901 F.2d 252, 257 (2d Cir. 1990) (affirming district court's ruling excluding expert witness testimony, finding that "the jury was capable of assessing the reasonableness of [defendant's] conduct on its own", and that expert opinion on issue might confuse jury). The notes of the Advisory Committee to Rule 704 provide:

> Under Rule 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what results to reach, somewhat in the manner of the oath-helpers of an earlier day.

Because the jury is likely to give unwarranted deference to Dr. Spencer's opinions cloaked under the guise of an "expert," it would unduly prejudice the defendants to allow Dr. Spencer to testify where, as here, such testimony is unnecessary to the appropriate resolution of the claims in dispute.

Rule 701's helpfulness requirement is designed to 'provide assurances against the admission of opinions which would merely tell the jury what result to reach.'" United States v. Rea, 958 F.2d 1206, 1215 (2d Cir. 1992), quoting Fed. R. Evid. 704 Advisory Committee Note on 1972 Proposed Rules.

## IV.  CONCLUSION

For the above-mentioned reasons, as well as the reasons set forth in the defendants' initial memorandum, the defendants respectfully request that the Court to preclude Jeffrey Spencer from offering any expert testimony regarding the plaintiff's medical condition or the duties of the plaintiff's occupation.

DEFENDANTS,
UNUMPROVIDENT CORPORATION F/K/A
PROVIDENT COMPANIES, INC., THE PAUL
REVERE LIFE INSURANCE COMPANY,
PROVIDENT LIFE AND ACCIDENT INSURANCE
COMPANY OF AMERICA and JOHN HANCOCK
MUTUAL LIFE INSURANCE COMPANY,

By _____
Theodore J. Tucci (ct05249)
ttucci@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860)275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid, on the 17th of October, 2003 to the following:

Jonathan Katz, Esq.
Alinor Sterling, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT  06503

*Erin O'Brien Choquette*
Erin O'Brien Choquette