FILED

2003 OCT 17 P 2: 21

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 3:00CV01096(SRU) |
| | : |
| UNUMPROVIDENT CORPORATION | : |
| F/K/A PROVIDENT COMPANIES, INC., | : |
| THE PAUL REVERE LIFE INSURANCE | : |
| COMPANY, PROVIDENT LIFE AND | : |
| ACCIDENT INSURANCE COMPANY OF | : |
| AMERICA and JOHN HANCOCK | : |
| MUTUAL LIFE INSURANCE COMPANY, | : |
| | : |
| Defendants. | : OCTOBER 17, 2003 |

**DEFENDANTS' REPLY RE: MOTION TO PRECLUDE
JUDITH MCGANNON FROM OFFERING EXPERT TESTIMONY**

I.  INTRODUCTION

The plaintiff acknowledges that Judith McGannon is not an expert, but argues nonetheless that she "may offer an opinion concerning plaintiff's ability or inability to perform duties required of an anesthesiologist in his former occupation" pursuant to Rule 701 of the Federal Rules of Evidence.[1]  The plaintiff has already admitted that Ms. McGannon is not an expert, and therefore, she does not have the requisite skill and expertise to opine on the issue.  As a fact witness, it cannot be established that Ms. McGannon's proposed testimony falls within the bounds of acceptable lay

---

[1] The defendants accept the plaintiff's representation that Ms. McGannon was not retained as an expert, and thus, concedes that Ms. McGannon was not required to produce a report pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

HART1-1123788-1

opinion. Accordingly, the defendants respectfully request the Court to exclude such testimony from evidence.

## II.     MS. MCGANNON'S OPINION LACKS FOUNDATION

A lay witness may only offer opinions that are "rationally based on his or her perception. Fed. R. 701. Thus, lay opinion testimony is only admissible if (1) the witness establishes a strong foundation of intimate knowledge; (2) the opinion offered is rationally based on the witness's perceptions; and (3) the testimony remains focused on objective facts. Lightfoot v. Union Carbide Corp., 110 F.3d 898, 911-12 (2d Cir. 1997). Such a foundation must necessarily rely on objective criteria such as total and type of experience in the particular field or issue and opportunities to observe and acquire intimate knowledge in the field or issue. Abdus-Sabur v. Port Auth. of New York and New Jersey, 2001 U.S. Dist. LEXIS 14745 at * 4 (S.D.N.Y. Sept. 18, 2001). See also United States v. Garcia, 291 F.3d 127, 140 (2d Cir. 2002) ("this foundational requirement goes to the admissibility of the evidence, not merely its weight, because a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") (internal quotation omitted); Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness had personal knowledge of the matter.").

Assuming a proper foundation is laid, Ms. McGannon may testify as to her observations regarding the plaintiff during the period of time she worked for the plaintiff. Ms. McGannon, however, lacks the requisite foundation to offer an opinion as to whether or not the plaintiff is capable of performing the duties of his occupation. The plaintiff does not dispute that Ms.

McGannon lacks any medical background in psychiatry or mental illness, nor does he claim that Ms. McGannon is an expert in anesthesiology. Because Ms. McGannon lacks the background necessary to render any opinion as to what the plaintiff is capable of doing, her opinion amounts to naked speculation, and thus is inadmissible.

This precise issue was addressed in Marsteller v. Security of America Life Ins. Co., 2002 U.S. Dist. LEXIS 17560 (N.D. Ohio Sept. 12, 2002). In Marsteller, the court held that although a Certified Public Accountant may offer an opinion, based on his professional experience, regarding how much time a CPA generally uses a computer, "any opinion [the witness] gives concerning what the plaintiff can accomplish with her medical condition is beyond his qualifications." Id., at 11.

Because Ms. McGannon's opinion regarding whether the plaintiff is capable of working as an anesthesiologist is not rationally based on her own perceptions, she should not be permitted to testify about this opinion at trial.[2]

### III. MS. MCGANNON'S TESTIMONY IS NOT HELPFUL TO THE JURY

Even if Ms. McGannon's speculation regarding the plaintiff's capabilities could be characterized as being rationally based on her own perceptions, Ms. McGannon's conclusory opinion that her husband is disabled is not helpful to the jury. "Rule 701's helpfulness requirement is designed to 'provide assurances against the admission of opinions which would merely tell the jury what result to reach.'" United States v. Rea, 958 F.2d 1206, 1215 (2d Cir. 1992), quoting Fed.

---

[2] The plaintiff's concession that Ms. McGannon is not an expert in anesthesia renders the issue of whether it is necessary to have an expert testify about the duties of an anesthesiologist moot as to her testimony. The defendants take exception, however, to the plaintiff's attempt to re-write the terms of the policies. Contrary to the plaintiff's claims, the policies do not provide benefits in the event an insured is unable to continue working at a hospital. Rather, they state that the plaintiff must prove that he is unable to work in his occupation.

R. Evid. 704 Advisory Committee Note on 1972 Proposed Rules. "Thus, if 'attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by Rule 701.'" Id., at 1215-16. Ms. McGannon's testimony clearly falls within this exclusion to lay opinion testimony.

Moreover, to the extent Ms. McGannon fully describes what she has observed about the plaintiff while she worked for him, "the jury will be in as good a position as the witness to draw" its own conclusions. Hester v. BIC Corp., 225 F.3d 178, 185 (2d Cir. 2000). Thus, Ms. McGannon's opinion would not be "helpful to the jury" within the meaning of Rule 701, and thus, must be excluded. Rea, 958 F.2d. at 1216.

## IV. CONCLUSION

For the above-mentioned reasons, as well as the reasons set forth in the defendants' initial memorandum, the defendants respectfully request that the Court preclude Judith McGannon from offering any expert testimony in this case, and from offering a "lay" opinion concerning plaintiff's ability or inability to perform duties required of an anesthesiologist in his former occupation.

DEFENDANTS,
UNUMPROVIDENT CORPORATION F/K/A
PROVIDENT COMPANIES, INC., THE PAUL
REVERE LIFE INSURANCE COMPANY,
PROVIDENT LIFE AND ACCIDENT INSURANCE
COMPANY OF AMERICA and JOHN HANCOCK
MUTUAL LIFE INSURANCE COMPANY,

By _____
Theodore J. Tucci (ct05249)
ttucci@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860)275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid, on the 17th of October 2003 to the following:

Jonathan Katz, Esq.
Alinor Sterling, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT  06503

_____
Erin O'Brien Choquette