FILED

UNITED STATES DISTRICT COURT

2003 OCT 17 P 2: 20

DISTRICT OF CONNECTICUT

U:

JOHN DOE

      **Plaintiff,**

vs.

:

:

:     CIVIL ACTION NO. 300CV01096(SRU)

:

UNUMPROVIDENT CORPORATION
F/K/A PROVIDENT COMPANIES, INC.,
THE PAUL REVERE LIFE INSURANCE
COMPANY, PROVIDENT LIFE AND
ACCIDENT INSURANCE COMPANY OF
AMERICA and JOHN HANCOCK
MUTUAL LIFE INSURANCE COMPANY,

:

:

:

:

:

:

:

:

      **Defendants.**

:

:     OCTOBER 17, 2003

### DEFENDANTS' REPLY RE: MOTION TO EXCLUDE RICHARD GOLDBERG FROM OFFERING TESTIMONY REGARDING POST-TRAUMATIC STRESS DISORDER

## I.    INTRODUCTION

The plaintiff acknowledges that Dr. Richard Goldberg does not have the requisite training, skill or experience to be considered a specialist in post-traumatic stress disorder, but then argues that Dr. Goldberg may nonetheless give an expert opinion that the plaintiff has post-traumatic stress disorder ("PTSD") and opine as to how it affects the plaintiff's ability to perform the important and material duties of his occupation. Because Dr. Goldberg himself has admitted that he does not have the requisite skill and expertise to opine on this issue, the defendants respectfully request the Court to exclude such testimony.

HART1-1134269-1

## II.    DR. GOLDBERG IS NOT QUALIFED TO TESTIFY AS AN EXPERT REGARDING  PTSD

Dr. Goldberg has testified he is not an expert of post traumatic stress disorder, has never been qualified to testify on the subject of post-traumatic stress disorder, and has never received any specialized training regarding PTSD.[1]  Further, Dr. Goldberg has never published any literature on the subject of PTSD or engaged in any scientific or academic studies regarding PTSD.  Because Dr. Goldberg does not have the specialized knowledge required by Rule 702, he is not qualified to offer any expert opinion as to whether the plaintiff has PTSD or how PTSD affects the plaintiff's ability to work.

The plaintiff attempts to mask Dr. Goldberg's undisputed admitted lack of qualifications by relying on cases which state that an expert need not be a specialist in a particular medical field in order to be an expert witness.  Although the rules of evidence do not limit an expert's testimony to the area in which he or she is an accredited specialist, "a physician must, at a minimum, possess some specialized knowledge about the field in which he is to testify." Everett v. Georgia-Pacific Corp., 949 F. Supp. 856, 857 (S.D. Ga. 1996).  Thus, even though "an expert's testimony is not limited to the area in which he or she has specialized, the party offering the expert must demonstrate that the expert has the necessary expertise to provide reliable evidence." Ferris v. Pa. Fed'n. Bhd. Of Maint. Of Way Empl., 153 F. Supp. 2d 736, 743 (E.D. Pa. 2001).  Applying this standard, the Ferris court held that the plaintiff's proposed expert, a physician with experience in pain management, was

---

[1] The applicable pages from Dr. Goldberg's deposition testimony were attached as an exhibit to the defendants' initial memorandum.

barred from offering expert testimony as to the cause of the plaintiff's alleged mental condition, because he lacked training and experience in psychiatry. Id. [2]

Dr. Goldberg may have general experience as a diagnostician, but, since he has no specialized knowledge, experience or study in PTSD, how it presents and how it affects patients, he cannot hold himself out as an expert on PTSD, let alone diagnose whether a patient has PTSD. Cf. Young v. Rutkin, 79 Conn. App. 355, 362 (2003) ("to qualify as an expert, an attorney must be found to possess special knowledge beyond that exhibited by every attorney simply as a result of membership in the legal profession.") Accordingly, Dr. Goldberg cannot offer any expert testimony on this issue.

## III.    THE PROPOSED EXPERT'S TESTIMONY IS UNDULY PREJUDICIAL

Even if Dr. Goldberg's testimony could be admissible pursuant to Rule 702 of the Federal Rules of Evidence, it must be disallowed pursuant to Rules 402 and 403, because its prejudicial effect substantially outweighs its probative value. "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 595 (1993).

Dr. Goldberg's testimony, which consists of his own personal opinions and conclusions, is

---

[2] Cf. Conn. Gen. Stat. § 52-184c(d)(prescribing qualifications for expert witnesses in negligence actions: if the doctor is not a similar health care provider, he still may testify if he "to the satisfaction of the court possesses sufficient training, experience and knowledge as a result of practice or teaching in a related field of medicine, so as to be able to provide such expert testimony as to the prevailing standard of care in a given field of medicine.")

completely "divorced from the scientific, medical or other expert basis that qualified the witness in

the first place." United States v. Hall, 93 F.3d 1337, 1344 (7th Cir. 1996). When told that a certain

witness is an expert, a jury may be misled into accepting that individual's opinions unquestioningly

instead of reaching its own decision. In United States v. Duncan, 42 F.3d 97, 100 (2d Cir. 1994), the

Second Circuit observed:

> When an expert undertakes to tell the jury what result to reach, this does not aid the
> jury in making a decision, but rather attempts to substitute the expert's judgment for
> its own. When this occurs, the expert acts outside of his limited role of providing the
> groundwork in the form of an opinion to enable the jury to make its own informed
> determination. In evaluating the admissibility of expert testimony, this Court requires
> the exclusion of testimony which states a legal conclusion.

Id. at 101 (citations omitted). See also United States v. Schatzle, 901 F.2d 252, 257 (2d Cir. 1990)

(affirming district court's ruling excluding expert witness testimony, finding that "the jury was

capable of assessing the reasonableness of [defendant's] conduct on its own", and that expert

opinion on issue might confuse jury). The notes of the Advisory Committee to Rule 704 provide:

> Under Rule 701 and 702, opinions must be helpful to the trier of fact, and Rule 403
> provides for exclusion of evidence which wastes time. These provisions afford ample
> assurances against the admission of opinions which would merely tell the jury what
> results to reach, somewhat in the manner of the oath-helpers of an earlier day.

Dr. Goldberg has been treating the plaintiff for a lengthy period of time in connection with the

plaintiff's general anxiety and personality issues. Because of that relationship, the jury is likely to

give unwarranted deference to Dr. Goldberg's opinions, it would unduly prejudice the defendants to

allow Dr. Goldberg to testify where, as here, the basis for his testimony lacks the requisite

specialized knowledge and experience.

## II.  CONCLUSION

For the above-mentioned reasons, as well as the reasons set forth in the defendants' initial

memorandum, the defendants respectfully request the Court to preclude Richard Goldberg from

offering any expert testimony regarding whether the plaintiff has post-traumatic stress disorder and,

if so, how it affects the plaintiff's ability to perform the important and material duties of his

occupation.

> DEFENDANTS,
> UNUMPROVIDENT CORPORATION F/K/A
> PROVIDENT COMPANIES, INC., THE PAUL
> REVERE LIFE INSURANCE COMPANY,
> PROVIDENT LIFE AND ACCIDENT INSURANCE
> COMPANY OF AMERICA and JOHN HANCOCK
> MUTUAL LIFE INSURANCE COMPANY,
>
>
> By_____
> Theodore J. Tucci (ct05249)
> ttucci@rc.com
> Erin O'Brien Choquette (ct18585)
> echoquette@rc.com
> Robinson & Cole LLP
> 280 Trumbull Street
> Hartford, CT 06103-3597
> Tel. No.: (860) 275-8200
> Fax No.: (860)275-8299

-6-

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, via U.S. mail, on the 17th day of October, 2003, to the following:

Jonathan Katz, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT  06503

Erin O'Brien Choquette