FILED

2003 OCT 17 P 2:20

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO. 3:00CV01096(SRU) |
| | : | |
| UNUMPROVIDENT CORPORATION | : | |
| F/K/A PROVIDENT COMPANIES, INC., | : | |
| THE PAUL REVERE LIFE INSURANCE | : | |
| COMPANY, PROVIDENT LIFE AND | : | |
| ACCIDENT INSURANCE COMPANY OF | : | |
| AMERICA and JOHN HANCOCK | : | |
| MUTUAL LIFE INSURANCE COMPANY, | : | |
| | : | |
| Defendants. | : | OCTOBER 17, 2003 |

**DEFENDANTS' REPLY RE: MOTION TO EXCLUDE EXPERT
TESTIMONY REGARDING WHETHER THE PLAINTIFF
IS TOTALLY DISABLED UNDER THE POLICIES**

The plaintiff has identified several physicians and psychologists who will offer testimony as expert witnesses as to the plaintiff's medical condition and his treatment. This medical testimony is acceptable under the Federal Rules of Evidence and is within the purview of the plaintiff's witnesses. These witnesses, however, should not be permitted to render any opinion as to whether or not the plaintiff is totally disabled *as defined by the policies*, as the plaintiff's disability under the policies can only be determined by the jury after it has been instructed on the relevant standards of law by the Court.

Before any determination as to whether the plaintiff is totally disabled as defined by the policies can be made, the court must first interpret the terms of the policy and instruct the jury on a

HART1-1134040-1

variety of legal issues, such as the insured's obligation under the contract, the legal effect of prior manifestation of illness, the legal effect of providing false or misleading information to the insurer, and the legal difference between being incapable of working in one's occupation and choosing not to work. These are legal issue beyond the scope of any expert witnesses. Farmland Indus. v. Frazier-Parrott Commodities, Inc., 871 F.2d 1402 (8th Cir. 1989); Adalman v. Baker, Watts, 807 F.2d 359 (4th Cir. 1986).

The plaintiff attempts to avoid this inevitable conclusion by arguing that his witnesses may offer opinions about the discrete legal elements which comprise the plaintiff's claim for total disability benefits. This is simply another way of saying that the plaintiff's experts can give opinions about whether the plaintiff is entitled to benefits under the policy, so long as they do it bit by bit. While at the same time admitting that the witnesses cannot offer an opinion about whether the plaintiff is entitled to benefits (Pl. Mem. at 9), the plaintiff asserts, without legal foundation, that his witnesses may opine on whether the plaintiff is unable to perform the material duties of his occupation. Such questions impermissibly track the language of the policies, and necessarily require the witnesses to make legal judgments regarding the proper interpretation of the policies. See United States v. Duncan, 42 F.3d 97 at 101-102 (holding that questions which repeatedly track the exact language of the statutes and regulations which the defendant allegedly violated were impermissible.)[1]

---

[1] In his argument, the plaintiff's mischaracterizing the terms of the policies, arguing that the applicable standard is whether the plaintiff can perform the important duties of an anesthesiologist in a hospital setting. None of the policies limit the definition of "occupation" to the location where the insured last worked. This mischaracterization demonstrates why experts witnesses are not permitted to offer opinions based upon their own – or the plaintiff's attorney's- interpretation of the policy terms.

Similarly, plaintiff's argument that Rule 704 provides that an expert may testify as to an ultimate issue of fact as long as the opinion is otherwise admissible is simply a red herring intended to distract the Court from the actual issue in dispute. As is clear from a review of the defendants' memorandum of law as a whole, the defendants objected to any opinion testimony the plaintiff is totally disabled as defined by the terms and conditions of the policies because such testimony would improperly invade the province of the Court to determine the law of the case and the province of the jury to decide the facts of the case by applying the law as instructed by the Court. As such, the proposed opinion testimony about this ultimate issue of fact is not "otherwise admissible."

In addition, the plaintiff claims that testimony from the doctors regarding whether the plaintiff is totally disabled may assist the jury in its assessment of the facts. This argument is fundamentally flawed. The plaintiff's admission that his witnesses cannot and should not interpret the policies at issue (Pl. Mem., p. 1.) is dispositive of this issue. Since the plaintiff concedes that his medical witnesses are not qualified to interpret the policies, the witnesses are not qualified to render any opinions as to whether the plaintiff is totally disabled as defined by the policies. Moreover, the evidence upon which the jury will render its decision is readily available and intellectually accessible to a finder of fact without the benefit of an expert witness. As such, expert testimony is not only unnecessary, but also, impermissible. Stagl v. Delta Air Lines, 117 F.3d 76, 81 (2d Cir. 1997).

Finally, even if Rules 702 and 704 of the Federal Rules of Evidence permitted the doctors to testify that the plaintiff is, in their opinions, totally disabled under the policies, this testimony must be disallowed pursuant to Rules 402 and 403, because its prejudicial effect substantially outweighs its probative value. "Expert evidence can be both powerful and quite misleading because of the

difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 595 (1993).

When told that a certain witness is an expert, a jury may be misled into accepting that individual's opinions unquestioningly instead of reaching its own decision. In United States v. Duncan, 42 F.3d 97, 100 (2d Cir. 1994), the Second Circuit observed:

> When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for its own. When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination. In evaluating the admissibility of expert testimony, this Court requires the exclusion of testimony which states a legal conclusion.

Id. at 101 (citations omitted). See also United States v. Schatzle, 901 F.2d 252, 257 (2d Cir. 1990) (affirming district court's ruling excluding expert witness testimony on ultimate issue of case, finding that "the jury was capable of assessing the reasonableness of [defendant's] conduct on its own", and that expert opinion on issue might confuse jury). The notes of the Advisory Committee to Rule 704 provide:

> Under Rule 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what results to reach, somewhat in the manner of the oath-helpers of an earlier day.

Because the jury is likely to give unwarranted deference to the opinions of "medical experts" on a subject that is properly the province of the court (instruction as to the policy language) and the jury (a factual finding of total disability), it would unduly prejudice the defendants to allow these experts to testify as to whether the plaintiff is totally disabled pursuant to and in satisfaction of the terms of

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid, on the 17th of October 2003 to the following:

Jonathan Katz, Esq.
Alinor Sterling, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT  06503

*E. OB. Choquette*
Erin O'Brien Choquette

FILED

2003 OCT 17 P 2: 20

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN DOE                                    :
                                            :
    Plaintiff,                              :
vs.                                         :   CIVIL ACTION NO. 3:00CV01096(SRU)
                                            :
UNUMPROVIDENT CORPORATION                   :
F/K/A PROVIDENT COMPANIES, INC.,            :
THE PAUL REVERE LIFE INSURANCE              :
COMPANY, PROVIDENT LIFE AND                 :
ACCIDENT INSURANCE COMPANY OF               :
AMERICA and JOHN HANCOCK                    :
MUTUAL LIFE INSURANCE COMPANY,              :
                                            :
    Defendants.                             :   OCTOBER 17, 2003

### DEFENDANTS' REPLY RE: MOTION TO PRECLUDE LOUISE FERENCE-SIMON FROM OFFERING OPINION TESTIMONY REGARDING WHETHER THE PLAINTIFF IS DISABLED

I.    INTRODUCTION

The plaintiff acknowledges that his wife, Louise Ference-Simon, is not an expert and should not testify as such, but then argues that his wife may offer an opinion that the plaintiff is totally disabled from working in a hospital or from anesthetizing patients pursuant to Rule 701 of the Federal Rules of Evidence.[1] The plaintiff has already admitted that Ms. Ference-Simon is not an expert, and therefore, she does not have the requisite skill and expertise to opine on the issue. As a fact witness, it cannot be established that Ms. Ference-Simon's proposed testimony falls within the

---

[1] The defendants accept the plaintiff's representation that Ms. Ference-Simon was not retained as an expert, and thus, concedes that Ms. Ference-Simon was not required to produce a report pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

bounds of acceptable lay opinion. Accordingly, the defendants respectfully request the Court to exclude such testimony from evidence.

## II. MS. FERENCE-SIMON'S OPINION LACKS FOUNDATION

A lay witness may only offer opinions that are "rationally based on his or her perception. Fed. R. 701. Thus, lay opinion testimony is only admissible if (1) the witness establishes a strong foundation of intimate knowledge; (2) the opinion offered is rationally based on the witness's perceptions; and (3) the testimony remains focused on objective facts. Lightfoot v. Union Carbide Corp., 110 F.3d 898, 911-12 (2d Cir. 1997). Such a foundation must necessarily rely on objective criteria such as total and type of experience in the particular field or issue and opportunities to observe and acquire intimate knowledge in the field or issue. Abdus-Sabur v. Port Auth. of New York and New Jersey, 2001 U.S. Dist. LEXIS 14745 at * 4 (S.D.N.Y. 2001). See also United States v. Garcia, 291 F.3d 127, 140 (2d Cir. 2002) ("this foundational requirement goes to the admissibility of the evidence, not merely its weight, because a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") (internal quotation omitted); Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness had personal knowledge of the matter.")

Assuming a proper foundation is set forth, Ms. Ference-Simon may testify as to her observations of her husband. What is apparent, however, is that she lacks the requisite foundation to offer an opinion as to whether or not the plaintiff is totally disabled. For example, the plaintiff does not dispute that Ms. Ference-Simon lacks any medical background in psychiatry or mental illness.

Moreover, no conclusions can be drawn regarding whether the plaintiff is totally disabled until the court first offers instruction regarding the threshold legal issues, such as the insured's obligation under the contract, the legal effect of prior manifestation of illness, the legal effect of providing false or misleading information to the insurer, and the legal difference between being incapable of working in one's occupation and choosing not to work, which must be resolved before any conclusion regarding whether the plaintiff is totally disabled can be made.  For this reason, the defendants argue that no witness – lay or expert – is qualified to offer opinion testimony regarding whether the plaintiff is totally disabled.[2]

Because Ms. Ference-Simon lacks the medical background necessary to render any opinion as to whether the plaintiff is disabled, her opinion amounts to naked speculation, and thus is inadmissible.  See Marsteller v. Sec. of Amer. Life Ins. Co., 2002 U.S. Dist. LEXIS 17560 at * 11 (N.D. Ohio 2002) (holding that any opinion offered by a Certified Public Accountant concerning what another CPA can accomplish with her medical condition is beyond his qualifications).

### III.     MS. FERENCE-SIMON'S TESTIMONY IS NOT HELPFUL TO THE JURY

Even if Ms. Ference-Simon's speculation regarding her husband's status could be characterized as being rationally based on her own perceptions, Ms. Ference-Simon's conclusory opinion that her husband is disabled is not helpful to the jury.  "Rule 701's helpfulness requirement is designed to 'provide assurances against the admission of opinions which would merely tell the jury what result to reach.'" United States v. Rea, 958 F.2d 1206, 1215 (2d Cir. 1992), quoting Fed. R. Evid. 704 Advisory Committee Note on 1972 Proposed Rules.  "Thus, if 'attempts are made to

---

[2] See also Defendants' Reply Re: Motion to Exclude Expert Testimony Regarding Whether the Plaintiff Is Totally Disabled Under the Policies filed herewith.

introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by Rule 701.'" Id., at 1215-16. A wife's opinion that her husband is disabled in a lawsuit regarding disability benefits clearly falls within this exclusion to lay opinion testimony.

Moreover, to the extent Ms. Ference-Simon fully describes what she has observed about her husband's condition and activities, "the jury will be in as good a position as the witness to draw" its own conclusions. Hester v. BIC Corp., 225 F.3d 178, 185 (2d Cir. 2000). Thus, Ms. Ference-Simon's opinion would not be "helpful to the jury" within the meaning of Rule 701, and thus, must be excluded. Rea, 958 F.2d. at 1216.

## IV.   CONCLUSION

For the above-mentioned reasons, as well as the reasons set forth in the defendants' initial memorandum, the defendants respectfully request that the Court preclude Louise Ference-Simon from offering any testimony as to her opinion about whether the plaintiff is disabled.

DEFENDANTS,
UNUMPROVIDENT CORPORATION F/K/A
PROVIDENT COMPANIES, INC., THE PAUL
REVERE LIFE INSURANCE COMPANY,
PROVIDENT LIFE AND ACCIDENT INSURANCE
COMPANY OF AMERICA and JOHN HANCOCK
MUTUAL LIFE INSURANCE COMPANY,

By _____
Theodore J. Tucci (ct05249)
ttucci@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860)275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid, on the 17th of October 2003 to the following:

Jonathan Katz, Esq.
Alinor Sterling, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT 06503

_____
Erin O'Brien Choquette