UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN DOE                                    :

    Plaintiff,                           :

vs.                                         :    CIVIL NO. 3:00CV01096 (SRU)

                                            :

UNUMPROVIDENT CORPORATION                   :
F/K/A PROVIDENT COMPANIES, INC.,            :
THE PAUL REVERE LIFE INSURANCE              :
COMPANY, PROVIDENT LIFE AND                 :
ACCIDENT INSURANCE COMPANY OF               :
AMERICA and JOHN HANCOCK                    :
MUTUAL LIFE INSURANCE COMPANY,              :

    Defendants.                          :    OCTOBER 17, 2003

## DEFENDANTS' REPLY RE: MOTION TO EXCLUDE TESTIMONY FROM MCSHARRY, FEIST AND MOHNEY [1]

## I.    INTRODUCTION

The plaintiff filed a three count complaint, alleging two counts of breach of contract, and a count of breach of the implied covenant of good faith and fair dealing. In order to succeed on his claim of breach of contract, the plaintiff must prove (1) that he fulfilled his obligations under the contract, (2) that the defendants failed to fulfill their obligations under the contract, and (3) that he suffered damages resulting from the breach. Chem-Tek, Inc. v. General Motors Corp., 816 F. Supp. 123, 131 (D. Conn. 1993). In order to succeed on his claim of breach of the implied covenant of good faith and fair dealing, the law in Connecticut is that the plaintiff must prove that the defendants

---

[1] The plaintiff has also moved to amend his witness list to add Linda Nee and Thomas Basden Heys in support of his breach of the implied covenant of good faith and fair dealing claim. The testimony of Ms. Nee and Mr. Heys is impermissible and should be precluded for the same reasons that the testimony of Feist, McSharry and Mohney is impermissible and should be precluded.

HART1-1134127-1

lacked a reasonable basis for denying his claims or acted with reckless disregard of their lack of reasonable basis. <u>United Tech. Corp. v. American Home Assur. Co.</u>, 989 F. Supp. 128, 156-57 (D. Conn. 1997). Both of these claims focus on the defendants conduct toward the plaintiff specifically, not the defendants' general conduct.

## II.    THE PROPOSED TESTIMONY IS IRRELEVANT

The plaintiff's common law claim of breach of the implied covenant of good faith and fair dealing addresses only whether the defendants acted recklessly or with ill will towards the plaintiff in this particular case, not whether the defendants' business practices were generally reasonable. The dispositive issue is whether the insurer had a reasonable basis for its claim decision. <u>McCauley Enterprises Inc. v. New Hampshire Ins. Co.</u>, 716 F. Supp. 718, 722 (D. Conn. 1989) ("when a good faith legal controversy exists such as in this case, the insurer's withholding of the policy's proceeds cannot be found to be in bad faith even if the insurer's position is ultimately found to be erroneous."); <u>Cowan v. Paul Revere Life Ins. Co.</u>, 2002 U.S. App. LEXIS 2454 at * 9 (6th Cir. February 11, 2002) (where insurer had a reasonable basis to deny claim, there is no bad faith).

In order to determine whether the defendants had a reasonable basis for its claims decision, the only appropriate focus on what the defendants knew and did during the time the claim was being reviewed. "The examination of good faith and fair dealing in the settling of an insurance claim requires a case-by-case analysis." <u>Verrastro v. Middlesex Ins. Co.</u>, 207 Conn. 179, 190 (1988). <u>See also</u> <u>Timberlake Constr. Co. v. United States Fidelity & Guar. Co.</u>, 71 F.3d 335, 345 (10th Cir. 1995) ("the insured must make a showing that material facts were overlooked or that a more thorough investigation would have produced relevant information."); <u>Genovese Enters., Inc. v. Sphere Drake</u>

Ins. Plc., 1996 Conn. Super. LEXIS 2384 (Conn. Super. Ct. Sept. 9, 1996) (failure to conduct a

reasonable investigation would raise a question of whether the defendants acted in bad faith).

Accordingly only evidence regarding how the defendants handled the plaintiff's claim in particular

is relevant to this cause of action.

The proposed testimony of Patrick Fergal McSharry, William Feist and Ralph Mohney, as

well as that of Linda Nee and Thomas Basden Heys, is not relevant to any of the plaintiff's claims

because their proposed testimony relates only to alleged general business practices of the defendants,

not to the handling of the plaintiff's claims. The plaintiff has not offered, and cannot offer, any

evidence that McSharry, Feist, Mohney, Nee or Heys ever had any involvement in or direct

knowledge of the plaintiff's claims.[2] See Kosierowski v. Allstate Ins. Co., 51 F. Supp. 2d 583 (E.D.

Pa. 1999) (granting summary judgment in bad faith case despite evidence of defendants' use of

flawed computer program because no evidence of a link between the computer program and the

handling of the plaintiff's claims.); Hyde Ath. Indus. Inc. v. Continental Cas. Co., 969 F. Supp. 289,

307 (E.D. Pa. 1997) (in a bad faith claim, the issue is whether the insurer acted with ill will toward

the plaintiff in the particular case, not whether the defendants' business practices were generally

reasonable).

Dr. McSharry's testimony is based upon his beliefs regarding the practices of

UnumProvident's Chattanooga office from November 2000 to January 2002. Dr. McSharry, who

did not work from UnumProvident during the period of time the plaintiff's claim was being

investigated, had no involvement in the handling of the plaintiff's claim for benefits, and knows

---

[2] To the contrary, in response to specific questions from plaintiff's counsel, Greg Breter testified that neither Dr. McSharry nor Dr. Feist had any involvement in the plaintiff's claim. (Breter Dep., Ex. 1, pp. 116-17.)

nothing about the basis for the plaintiff's claim, how it was handled, or why it was terminated.

Indeed, Dr. McSharry's proposed testimony does not relate to any of the doctors or claims specialists

who were involved in the plaintiff's claims. For this reason, his testimony must be excluded. See

Ligorsky v. Paul Revere Life Ins. Co., No. 00-1318-PHX-MHM at 17 (D.Az. March 25, 2003)

(excluding Dr. McSharry's testimony on the grounds that he had no personal knowledge relating to

the plaintiff's claims for benefits)[3]; Mazzamuto v. UnumProvident Corp., No. 1:01-CV-1157 at 3

(M.D.Pa. May 6, 2003) (excluding testimony from McSharry because he did not possess any

personal knowledge concerning the facts of the plaintiff's disability claim); Mann v. UNUMLife Ins.

Co. of Am., 2003 U.S. Dist. LEXIS 9752 at * 6 (E.D. Pa. May 20, 2003) (upholding exclusion of

McSharry's deposition testimony, notwithstanding buttressing testimony from Mohney, because

"none of the evidence proffered by the plaintiff is sufficient to show a direct link between the

policies and practices of the Chattanooga offices, about which Dr. McSharry testified, and the

handling of the plaintiff's specific claim.")

Similarly, Dr. Feist's testimony is based upon his personal beliefs regarding the

appropriateness of some of the decisions made in some of the claims he was involved in as a medical

consultant. Notably, Dr. Feist resigned from The Provident Life and Accident Insurance Company

in February 1996, well before the plaintiff's claim for benefits was terminated. Because Dr. Feist

was not personally involved in the plaintiff's claim for benefits, and had, in fact, resigned well

before his claim was decided, his testimony must also be excluded. See Hyatt v. Unum Life Ins. Co.

of America, 2001 WL 826551 at * 3 n. 7 (D. Del. 2001) (excluding Dr. Feist's testimony on the

---

[3] Copies of unreported cases are attached hereto as Exhibit 2.

grounds that it was irrelevant to a dispute involving a disability claim that was decided several years after Feist resigned from Provident); <u>Yumukoglu v. Provident Life & Accident Ins. Co.</u>, 131 F. Supp. 2d 1215, 1228 (D.N.M. 2001) (holding that Dr. Feist's testimony was inadmissible because "conclusory allegations, without specific supporting facts, have no probative value.")

Further, the plaintiff offers no evidence whatsoever that Ralph Mohney, Linda Nee or Thomas Basden Heys were involved in the plaintiff's claims or that the claims representatives who investigated the plaintiff's claims were aware of, much less implemented, the cost-cutting strategies Mr. Mohney allegedly espoused.[4] As Ms. Brissette testified, the defendants' decisions regarding the handling of the plaintiff's claim and the termination of the claim were based entirely on the facts developed through their investigation of the plaintiff's medical records and activities. (Brissette Dep. Ex. 3, 3/13/03, pp. 110-22.)  Because there is no link between the testimony of the proffered witnesses and the plaintiff's claim for benefits, their testimony must be excluded. <u>See</u> <u>Cardiner v. Provident Life & Accident</u>, 158 F. Supp. 2d 1088 (C.D.Cal. 2001) (holding that plaintiff's evidence of alleged conspiracy by Provident to improperly use claim department to increase profitability, even if accepted, did not create an issue for trial because plaintiff had failed to establish any link between his specific claim and the alleged conspiracy).

The plaintiff argues that the proposed testimony is relevant because a roundtable review was held in connection with the plaintiff's claim.  Contrary to the plaintiff's speculation regarding the purpose of a roundtable review, however,  a roundtable review is simply "a multi-disciplinary

---

[4] Indeed, in response to pointed questions from plaintiff's counsel regarding these issues, Mr. Breter and Ms. Brissette testified that they had not engaged in the practices now alleged by the plaintiff.  (Breter Dep., Ex. 1, pp. 101-106, 132-33.; Brissette Dep., Ex. 3, 3/13/03, pp. 25-26; 7/23/03, p. 158.)

resource that's available to claim specialists, usually attended by medical resources, legal resources, underwriting resources, physicians in which further direction can be obtained and a review and evaluation of a specific claim." (Breter Dep., Ex. 1, p. 52.)  See also Gabriel v. The Equitable Life Assur. Soc. of the United States, No. 01-10064-EFH at 17 (D. Mass. May 28, 2003) (the court describes the roundtable review as "a meeting of a multi-disciplinary group of professionals, including but not limited to medical, legal, financial, claim and underwriting, who consult with individual claims representatives who have questions about the handling of an ongoing disability claim.")

Indeed, the plaintiff's unwarranted attack against the practice of the roundtable review is actually undermined by the testimony of Dr. Feist.  In another deposition, Feist admitted that in the majority of the round table reviews conducted by The Provident Life and Accident Company, the company did not do anything improper and that roundtables (i.e., discussions about a claim) could be used to address legitimate questions regarding claims.  (Feist deposition, *Thompson v. Provident Life and Accident Ins. Co.*, Ex. 4, pp. 242-43.)[5]

Finally, the plaintiff's argument that the decision in Hangarter v. Paul Revere Life Ins. Co., 236 F. Supp. 2d 1069 (N.D. Cal. 2002) eliminates this Court's obligation to conduct its own assessment of the facts in dispute in this particular case must be rejected whole cloth.  Not only is Hangarter's precedential value limited by the fact that it is on appeal, but also, it was decided by a

---

[5] The plaintiff's somewhat hysterical suggestion that Greg Breter's testimony to the effect that cases are presented at roundtables via an overhead projector and a reusable plastic transparency is evidence of a deliberate conspiracy to disguise their alleged improper purpose must be rejected as fantastic and contrary to the record.  As the claims file demonstrates, when a round table review takes place, that fact is documented by a management or consultant referral form memorializing the suggestions made at the roundtable.  (See examples of management referral forms, Ex. 5; Breter Dep., Ex. 1, pp. 56- 57.)

court applying completely different standards of law to completely different factual circumstances. Because testimony regarding the defendants' handling of other claims is completely irrelevant to the plaintiff's complaint, it must be excluded. See Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."); United States v. Lumpkin, 192 F.3d 280, 290 (2d Cir. 1999) (no abuse of discretion where court excluded irrelevant evidence).

## III.    THE PROPOSED TESTIMONY IS UNDULY PREJUDICIAL AND WOULD CAUSE DELAY AND CONFUSION

In addition to being irrelevant, the testimony of the proposed witnesses is unduly prejudicial to the defendants, would inject several additional issues into the trial and would confuse the jury about the actual issues in dispute in this case.  It is well established that "evidence of other bad faith lawsuits against an insurer is inadmissible in a particular bad faith action because potential prejudice outweighs the evidence's probative value." W.V. Realty, Inc. v. Northern Ins. Co., 2003 WL 21480598 at * 7 (3d Cir. 2003). See also Ligorsky, No. 00-1318-PHX-MHMN, at 15-17 (excluding testimony of McSharry and Feist because of "the danger of unfair prejudice to defendants, confusion of the issues and considerations of undue delay.")

Because the proposed testimony is unrelated to the plaintiff's own claim for benefits, the only reason to present it to the jury would be to convince the jury that the defendants are bad, and therefore, must have behaved badly in this case. Rule 404 of the Federal Rules of Evidence prohibits such attempts to create "an aura of guilt" or "to imply new wrongdoing from past wrongdoing." United States Football League v. National Football League, 634 F. Supp. 1155, 1173 (S.D.N.Y. 1986).  Accordingly, the Court should not preclude such testimony. Id.

Moreover, if the Court allowed the plaintiff to introduce the testimony of these witnesses into evidence, the defendants would be entitled to introduce evidence to impeach the credibility of the witnesses and to provide greater context regarding the bases for the opinions offered by each witness. In particular, the defendants would introduce evidence relating to the employment and termination of each of the witnesses, their biases against the defendants (including lawsuits filed by the witnesses against the defendants), and the circumstances of the particular claims in which the witnesses actually participated. See Ligorsky, No. 00-1318-PHX-MHMN, at 15-17 (if the deposition testimony was admitted, the defendants would be entitled to introduce evidence to impeach McSharry and Feist) The undue delay, waste of time and potential confusion of the issues that would result far outweigh any probative value the testimony has, mandating its exclusion under Federal Rule of Evidence 403. It is respectfully suggested that the proper focus of this case should not be obscured by the plaintiff's efforts to scour the internet to dig up people with an axe to grind against UNUMProvident.

## IV.   THE PLAINTIFF HAS NOT MET THE REQUIREMENTS FOR THE ADMISSION OF DEPOSITION TESTIMONY UNDER THE FEDERAL RULES

Rule 804(b) of the Federal Rules of Evidence provides that former testimony may be admitted if the declarant is unavailable. The plaintiff has offered no proof to support his claims that the witnesses are unavailable or that he has made any attempt to make them available for trial. Moreover, deposition testimony is admissible only if the defendants had the same motive and opportunity to develop the testimony of the witness at the time of the deposition as they would have at trial. Fed. R. Evid. 804(b)(1). Wright, et al., Federal Practice & Procedure, §2150, n. 9. See Kirk

v. Raymark Indus., 61 F.3d 147, 166 (3d Cir. 1995), cert. denied, 516 U.S. 1145 (1996) (the movant must show that "the earlier treatment of the witness is the rough equivalent of what the party against whom the statement is offered would do at trial if the witness were available to be examined by the party.")

There is simply no basis to find that the defendants would have had the same motive to cross-examine the proposed witnesses during their depositions in the unrelated cases, as they would have in this case, which involves a different claimant, different claims handlers, and different factual circumstances. See Mann v. UNUMLife Ins. Co., No. 02-1346 at 7 (E.D. Pa. March 19, 2003) (excluding the deposition testimony of Dr. McSharry because there was no evidence that the defendants had the opportunity or motive to cross-examine him during the deposition as they would have at trial).

The plaintiff has also failed to demonstrate compliance with Federal Rule of Civil Procedure 32, which allows admission in one case of a deposition taken in a different case only when the parties and the subject matter of the two cases are the same. Fed. R. Civ. P. 32. Neither of these requirements have been met in this case. Although one or more of the defendants in this case may have also been a defendant in one or more of the lawsuits from which the transcripts were taken, none of the cases from which the plaintiff intends to offer deposition testimony involved all of the same defendants. Moreover, the lawsuits from which the transcripts were taken each relate to claims filed by individuals other than the plaintiff, in different factual circumstances, involving different claims handlers and applying the laws and standards of different jurisdictions. As such, there is no identity of subject matter.

Because the plaintiff has failed to fulfill the requirements for admissibility under the Federal Rules of Evidence and Federal Rules of Civil Procedure, the testimony of Dr. Feist, Dr. McSharry, Mr. Mohney, Ms. Nee and Mr. Heys must be excluded.

## V.    CONCLUSION

For the above-mentioned reasons, as well as the reasons set forth in the defendants' initial memorandum, the defendants respectfully request that the Court preclude the plaintiff from offering the testimony of Dr. McSharry, Dr. Feist, Mr. Mohney, Ms. Nee and Mr. Heys in this case.

DEFENDANTS,
UNUMPROVIDENT CORPORATION F/K/A
PROVIDENT COMPANIES, INC., THE PAUL
REVERE LIFE INSURANCE COMPANY,
PROVIDENT LIFE AND ACCIDENT INSURANCE
COMPANY OF AMERICA and JOHN HANCOCK
MUTUAL LIFE INSURANCE COMPANY,

By
Theodore J. Tucci (ct05249)
ttucci@rc.com
Erin O'Brien Choquette (ct18585)
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860)275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid on the

17th of October 2003 to the following:

Jonathan Katz, Esq.
Alinor Sterling, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT  06503

Erin O'Brien Choquette