would delay resolution of the dispute. Plaintiff admits that trial will be postponed approximately six months if he is given leave to investigate a "pattern and practice" bad faith claim. (Doc. 74). The court deems this unacceptable.

The court has discretion to limit discovery when its burden and expense will outweigh the likely benefit. FED. R. CIV. P. 26(b)(2)(iii). Discovery on this potential "pattern and practice" claim could not produce any benefit because it is completely irrelevant to the remaining breach of contract claim. As discussed above, the court must exclude the testimony of Dr. McSharry, who plaintiff primarily relies on to prove this proposed claim. Therefore, the court will deny plaintiff's motion in limine to reopen discovery, amend his complaint, and extend deadlines.

**VI. Defendants' Motion Requesting Leave of Court to File Sur Reply Brief**

Defendants request permission to file a sur reply brief in response to plaintiff's motion to supplement the record and plaintiff's motion to add additional authority. (Doc. 92). Plaintiff does not contest this motion. (Doc. 97). However, the court addressed plaintiff's motion to supplement the record and motion to add additional authority in an Order dated February 7, 2003. (Doc. 101). Therefore, the court will dismiss defendants' motion as moot.

**VII. Defendants' Motion to Strike Affidavit of Plaintiff's Counsel Richard C. Angino**

Defendants filed a motion to strike an affidavit submitted to the court by plaintiff's counsel on December 23, 2002 (Doc. 91). (Doc. 94). The affidavit refers to a newspaper article, which was supplied to plaintiff's attorney by his "bad faith" expert. (Doc. 91). The court has excluded the testimony of plaintiff's proposed "bad faith" experts, Mr. Gordon Rose and Dr. McSharry. (Doc. 101). For the aforementioned reasons, the court determines that a "pattern and practice" bad faith

insurance argument is irrelevant to the action as presently framed. Therefore, the court will grant defendants' motion to strike the December 23, 2002 affidavit of plaintiff's counsel.

**VIII. Plaintiff's Motions for Reconsideration**

**A. Applicable Law**

Before the court are plaintiff's motion for reconsideration of the court's Order dated February 7, 2003 (Doc. 104) and plaintiff's motion for reconsideration of the court's Order dated March 17, 2003. (Doc. 117).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A court should grant a motion for reconsideration only "if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice." General Instrument Corp. of Delaware v. Nu-Tek Electronics & Mfg. Inc., 3 F.Supp. 2d 602, 606 (E.D.Pa. 1998) (citations omitted). "A motion for reconsideration is not properly grounded on a request that the Court simply rethink a decision it has already made." Douris v. Schweiker, 229 F.Supp. 2d 391, 408 (E.D.Pa. 2002) (quoting Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993).

**B. Plaintiff's Motion for Reconsideration of the Court's Order Dated March 17, 2003**

On March 17, 2003, the court issued an order granting summary judgment on defendants' behalf on the statutory bad faith count of plaintiff's original complaint. (Doc. 117). The court granted summary judgment because plaintiff failed to demonstrate, by clear and convincing evidence, that a jury could find bad faith in

the denial of his claim. Id. See also Klinger v. State Farm Mutual Automobile Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997); Polselli v. Nationwide Mutual Fire Ins. Co., 23 F.3d 747, 750 (3d Cir. 1994); Simon v. Unum Provident Corp., 2002 WL 1060831 at * 6 (E.D.Pa. 2002). In order to survive summary judgment, Mazzamuto must convince the court that the average reasonable jury could hold that defendants did not have a reasonable basis for their denial of benefits. See 42 Pa. C.S.A. § 8371; Keefe v. Prudential Property and Casualty Ins. Co., 203 F.3d 218, 225 (3d Cir. 2000); Terletsky v. Prudential Property and Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994) (quoting BLACK'S LAW DICTIONARY, 139 (6th ed. 1990)).

Plaintiff argues that the court's reference to an "independent medical examination," which was in fact conducted by an employee of defendants, constitutes manifest error. (Doc. 121). In addition, he further contends that the court mischaracterized the cited legal authority, creating a clear error of law. Id. Neither argument warrants reconsideration of the court's summary judgment ruling.

Mazzamuto does not argue that the statutory bad faith standard cited by the court is incorrect. While several of the cases cited in the Order in question may differ factually from the present action, the applicable standard remains intact. Plaintiff fails to adduce any new evidence persuading the court to reconsider its refusal to submit the statutory bad faith claim to the jury. No reasonable factfinder could find that defendants lacked a reasonable basis for their denial of plaintiff's disability benefits. See 42 Pa. C.S.A. § 8371; Keefe, 203 F.3d at 225; Terletsky, 649 A.2d at 688 (quoting BLACK'S LAW DICTIONARY, 139 (6th ed. 1990)).

The March 17, 2003 Order cited numerous inconsistencies in the record. (Doc. 117). For example, discrepancies exist regarding plaintiff's functional physical and mental limitations, the level of physical exertion required to perform his job, and

the number of hours he must work per week. Id. In addition, defendants conducted an adequate investigation of Mazzamuto's claim. While plaintiff correctly observes that Dr. Clarke did not administer an independent medical examination of plaintiff, he fully reviewed all medical evidence on file and found plaintiff not disabled under the policy definition. The court was aware of Dr. Clarke's employment relationship with defendants, and did not regard this fact as determinative of the issue.

Plaintiff fails to demonstrate that the court's summary judgment order contained manifest errors of law or fact. See Harsco, 779 F.2d at 909. In addition, Mazzamuto has not produced any new evidence unavailable during consideration of the summary judgment motions. Id. Therefore, the court refuses to reconsider its summary judgment ruling and the court will deny plaintiff's motion for reconsideration of the court's memorandum and opinion dated March 17, 2003. (Doc. 121).

**C. Plaintiff's Motion for Reconsideration of the Court's Order Dated February 7, 2003**

In an Order dated February 7, 2003, the court excluded plaintiff's proposed bad faith expert witness, Mr. Gordon Rose. (Doc. 101). The court reasoned that expert testimony was not necessary to assist the jury in determining whether defendants engaged in bad faith in this matter. (Doc. 100). Plaintiff moves the court for reconsideration of this decision. (Doc. 104).

Contrary to plaintiff's argument in the instant motion, the aforementioned Order did not state that Mr. Rose lacked the qualifications to serve as an insurance expert. (Doc. 100). In addition, Mr. Rose's report convinced the court that he had examined the factual record. (See Doc. 104, Ex. B). As plaintiff correctly observes, the admittance or exclusion of expert testimony in bad faith

insurance actions lies within the trial court's discretion. See Aloe Coal Co. v. Clark Equipment Co., 816 F.2d 110, 114 (3d Cir. 1987); Dinner v. United Svcs. Automobile Assoc. Casualty Ins. Co., 29 Fed. Appx. 823, 826 (3d Cir. 2002); Bergman v. United Svc. Automobile Assoc., 742 A.2d 1101, 1107 (Pa. Super. 1999).

The court exercised this discretion, and found that the jury could understand the concept of insurance bad faith without assistance from an expert. (Doc. 100). No manifest error of law or fact mandates reconsideration of the February 7, 2003 Order. See Harsco, 779 F.2d at 909. In addition, the court has entered summary judgment on the bad faith count in defendants' favor, rendering Mr. Rose's testimony irrelevant to the instant action. Therefore, the court will deny plaintiff's motion for reconsideration of the February 7, 2003 Order. (Doc. 104).

**IX. Plaintiff's Petition to File Amended Complaint**

Plaintiff requests permission to file an amended complaint, which would accuse defendants of engaging in a "pattern and practice" of bad faith denial of claims. (Doc. 105). The court has addressed this issue in Section IV of this memorandum. Mazzamuto's request to amend his complaint is moot because the court granted summary judgment on his bad faith allegations.

To the extent plaintiff's request was intended to encompass claims not yet addressed by the court, Mazzamuto's request is unduly delayed and would result in substantial prejudice to defendants. Federal Rule of Civil Procedure 15 provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Third Circuit has held that a trial court should refuse leave to amend where (a) there has been undue delay in seeking the proposed amendment, (b) the opposing party would be prejudiced, or (c) the proposed amendment would

be futile. Cureton v. National Collegiate Athletic Assoc., 252 F.3d 267, 273 (3d Cir. 2001).

Mazzamuto filed the petition for leave to amend on February 18, 2003. (Doc. 105). Discovery closed in June of 2002. (Doc. 13). While the court understands that plaintiff may have learned of the alleged "pattern and practice" of bad faith claim denials after he filed the original complaint, he certainly possessed this knowledge well in advance of February 2003.[4] (Doc. 105). Trial in the matter will be scheduled shortly. Therefore, the court concludes that there has been undue delay in seeking the proposed amendment. See Cureton, 252 F.3d at 273.

The court further holds that defendants would suffer substantial prejudice from any amendment of the complaint at this late juncture. See id. Defendants are preparing to try a breach of contract action. Should this breach of contract action transform into or back to an attack on defendants' business practices, defendants would be forced to materially alter their trial strategy shortly before the commencement of trial. Therefore, the court will deny plaintiff's petition for leave to amend the complaint. (Doc. 105).

**X. Defendants' Motion in Limine to Exclude Untimely Identified Witnesses**

Defendants have filed a motion in limine to exclude nine untimely identified witnesses.[5] (Doc. 118). The court will address this motion during the telephone conference of counsel scheduled for May 13, 2003.

---

[4] Plaintiff filed his first "article" relating to defendants' alleged unfair business practices on August 22, 2002. (Doc. 105).

[5] These witnesses include: Antonio Mazzamuto, Francesco Mazzamuto, Angelo Mazzamuto, Antonia Tripoli, Pam Hagerich, Vincenzo Randazzo, James Marshall, Salvatore Ferrigno, and Ted Kosenske, M.D. (Doc. 119).

**XI. Defendants' Motion for Leave to File Supplemental Brief in Opposition to Plaintiff's Motions for Leave to Amend the Complaint and for Reconsideration of Summary Judgment Order**

Defendants request permission to file a supplemental brief in opposition to plaintiff's motion for leave to amend complaint (Doc. 105) and motion for reconsideration of summary judgment order (Doc. 121). (Doc. 142). In light of the fact that this memorandum and accompanying order disposes of these motions, the court will dismiss defendants' motion as moot.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: May 6, 2003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VINCENZO MAZZAMUTO,** | : | **CIVIL ACTION NO. 1:01-CV-1157** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNUM PROVIDENT CORPORATION, PAUL REVERE LIFE INSURANCE COMPANY; NEW YORK LIFE INSURANCE COMPANY,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 15th day of July, 2003, plaintiff is hereby ORDERED to file his responses to defendants' motion in limine addressing *ex-parte* communications by plaintiff's counsel (Doc. 165) and defendants' motion for reconsideration of court's decision to admit evidence of the Social Security Administration's determination of disability (Doc. 162) on or before Monday, July 28, 2003. If necessary, reply briefs must be filed on or before August 6, 2003.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VINCENZO MAZZAMUTO,** | : | **CASE NO. 1:01-CV-1157** |
| Plaintiff | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| **UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; NEW YORK LIFE INSURANCE COMPANY,** | : | |
| Defendants | : | |

**ORDER**

AND NOW, this 15th day of July, 2003, upon consideration of the following motions: plaintiff's motion for reconsideration (Doc. 151); plaintiff's supplemental motion for reconsideration of decision precluding expert testimony (Doc. 153); plaintiff's second motion to supplement motion for reconsideration (Doc. 154); plaintiff's third motion to supplement motion for reconsideration (Doc. 156); plaintiff's fourth motion to supplement motion for reconsideration (Doc. 159); and plaintiff's fifth motion to supplement motion for reconsideration (Doc. 160), it is hereby ORDERED that:

1. Plaintiff's second motion to supplement motion for reconsideration (Doc. 154) is GRANTED

2. Plaintiff's third motion to supplement motion for reconsideration (Doc. 156) is GRANTED.

3. Plaintiff's fourth motion to supplement motion for reconsideration (Doc. 159) is GRANTED.

4. Plaintiff's fifth motion to supplement motion for reconsideration (Doc. 160) is GRANTED.

5. Plaintiff's motion for reconsideration (Doc. 151) is DENIED.

6. Plaintiff's supplemental motion for reconsideration of decision precluding expert testimony (Doc. 153) is DENIED.

7. The court will not entertain any motions for reconsideration of this order. The court will automatically strike any such motions

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VINCENZO MAZZAMUTO, Plaintiff
v.
UNUM PROVIDENT CORPORATION; PAUL REVERE LIFE INSURANCE COMPANY; NEW YORK LIFE INSURANCE COMPANY, Defendants

CASE NO. 1:01-CV-1157

(Judge Conner)

**MEMORANDUM**

Before the court are the following motions: plaintiff's motion for reconsideration (Doc. 151); plaintiff's supplemental motion for reconsideration of decision precluding expert testimony (Doc. 153); plaintiff's second motion to supplement motion for reconsideration (Doc. 154); plaintiff's third motion to supplement motion for reconsideration (Doc. 156); plaintiff's fourth motion to supplement motion for reconsideration (Doc. 159); and plaintiff's fifth motion to supplement motion for reconsideration (Doc. 160). The parties have fully briefed the issues, and the motions are ripe for disposition.

**I. Factual Background**

This case arises from defendants UNUM Provident Corporation, Paul Revere Life Insurance Company, and New York Life Insurance Company's denial of plaintiff, Vincenzo Mazzamuto's ("Mazzamuto") claim for long term disability benefits based on back and psychiatric conditions. Plaintiff filed the instant complaint on June 26, 2001. (Doc. 1). In his complaint, Mazzamuto alleges common

law breach of contract and statutory bad faith pursuant to 42 Pa. C.S.A. § 8371. (Doc 1).

In an order dated February 7, 2003, the court excluded the testimony of Mr. Gordon Rose ("Rose"), plaintiff's proposed insurance bad faith expert. (Doc. 100). In an order dated March 17, 2003, the court granted defendants' motion for summary judgment on plaintiff's bad faith claim. (Doc. 117) Plaintiff moved the court for reconsideration of this decision, however the court denied this request on May 6, 2003. (Doc. 146). On this same date, the court denied plaintiff's motion to amend his complaint to include allegations of "pattern and practice" insurance bad faith on the part of defendants. Id. Mazzamuto has again moved the court for reconsideration of its decisions to exclude Rose's testimony, grant summary judgment on the bad faith claim, and deny leave to amend the complaint. (Doc. 151).

## II. Discussion

### A. Legal Standard

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A court should grant a motion for reconsideration only "if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice." General Instrument Corp. of Delaware v. Nu-Tek Electronics & Mfg. Inc., 3 F.Supp.2d 602, 606 (E.D Pa 1998) (citations omitted). "A motion for reconsideration is not properly grounded on a request that the Court simply rethink a decision it has already made." Douris v. Schweiker, 229 F Supp.2d 391, 408 (E.D.Pa. 2002) (quoting Glendon Energy

Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993). Motions for reconsideration are generally disfavored. Collins v. D.R. Horton, Inc., 252 F.Supp.2d 936, 938 (D. Ariz. 2003).

**B. Plaintiff's Motion for Reconsideration of the Court's Entry of Summary Judgment on Plaintiff's Bad Faith Claim**

The court entered summary judgment on plaintiff's bad faith claim because plaintiff failed to demonstrate, by clear and convincing evidence, that a jury could find bad faith in the denial of its claim. (Doc. 117). See also Klinger v. State Farm Mutual Automobile Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997); Polselli v. Nationwide Mutual Fire Ins. Co., 23 F.3d 747, 750 (3d Cir. 1994); Simon v. Unum Provident Corp., 2002 WL 1060831 at * 6 (E.D.Pa. 2002). In order to survive summary judgment, Mazzamuto must convince the court that the average reasonable jury could hold that defendants did not have a reasonable basis for their denial of benefits. See 42 Pa. C.S.A. § 8371; Keefe v. Prudential Property and Casualty Ins. Co., 203 F.3d 218, 225 (3d Cir. 2000); Terletsky v. Prudential Property and Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994) (quoting BLACK'S LAW DICTIONARY, 139 (6th ed. 1990)).

In the instant motion for reconsideration, plaintiff argues that events transpiring after defendants originally denied plaintiff's claim for benefits render their continued denial bad faith. (Doc. 152). In support, Mazzamuto points to the depositions of his children, neighbor, and former employee. Id. The court has examined this evidence, and concludes that it does not warrant reconsideration of its decision to enter summary judgment on the bad faith claim. These witnesses indicate that Mazzamuto appears disabled, however, the record inconsistencies

referenced in the court's previous order remain.[1] While the newly submitted depositions may support plaintiff's breach of contract claim, no reasonable factfinder could find that defendants lacked a reasonable basis for their denial of plaintiff's disability benefits. See 42 Pa. C.S.A. § 8371; Keefe, 203 F.3d at 225; Terletsky, 649 A.2d at 688 (quoting BLACK'S LAW DICTIONARY, 139 (6th ed. 1990)).

Plaintiff also submits a series of news articles and depositions from other bad faith lawsuits involving the defendants. (Docs. 152-157). The United States Court of Appeals for the Third Circuit recently held that evidence of other bad faith lawsuits against an insurer is inadmissible in a particular bad faith action because potential prejudice outweighs the evidence's probative value. W.V. Realty Inc.; New Montage Manor, Inc. v. Northern Ins. Co. of New York, 2003 WL 21480598 at * 7 (3d Cir. 2003). See also FED. R. EVID. 403. Plaintiff has frequently drawn the court's attention to other bad faith lawsuits against defendants, and the existence of these suits [illegible] oes not constitute "newly discovered evidence" justifying reconsideration. The court will deny plaintiff's motion for reconsideration of the court's entry of summary judgment on the bad faith claim

**C. Plaintiff's Motion for Reconsideration of the Court's Order Excluding the Testimony of Mr. Gordon Rose**

In an Order dated February 7, 2003, the court excluded plaintiff's proposed bad faith expert witness, Mr. Gordon Rose because expert testimony was not necessary to assist the jury in determining whether defendants engaged in bad faith in this matter. (Doc. 100). The court reiterated this argument in its order denying plaintiff's first motion for reconsideration of this decision. (Doc. 146).

[1] These discrepancies include plaintiff's functional physical and mental limitations, the level of physical exertion required to perform his job, and the number of hours he must work per week.

Plaintiff has produced no new evidence nor cited intervening law supporting reconsideration of this decision. In addition, the court has entered summary judgment on the bad faith count in defendants' favor, rendering Mr. Rose's testimony irrelevant to the instant breach of contract action. Hence, the court will deny plaintiff's second motion for reconsideration of the court's order precluding Mr. Rose's testimony.

**D. Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Petition to Amend the Complaint**

In an Order dated May 6, 2003, the court denied Mazzamuto's petition to amend his complaint because he unduly delayed seeking the amendment and defendants would suffer considerable prejudice if the court granted his request. (Doc. 146). Plaintiff seeks leave to add allegations of "pattern and practice" bad faith to his complaint. (Doc. 152).

Mazzamuto's request is unduly delayed and would result in substantial prejudice to defendants. Federal Rule of Civil Procedure 15 provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." FED. R. CIV P. 15(a). The Third Circuit has held that a trial court should refuse leave to amend where (a) there has been undue delay in seeking the proposed amendment, (b) the opposing party would be prejudiced, or (c) the proposed amendment would be futile. Cureton v. National Collegiate Athletic Assoc., 252 F.3d 267, 273 (3d Cir. 2001).

Trial in the matter is scheduled for August 2003. Defendants would suffer substantial prejudice from any amendment of the complaint at this late juncture. See id. Defendants are preparing to try a breach of contract action. Should this breach of contract action transform into an attack on defendants'

business practices, defendants would be forced to alter their trial strategy materially within a few weeks of trial. Therefore, the court will deny plaintiff's motion for reconsideration of the court's denial of leave to amend the complaint.

An appropriate order will issue.

                                                S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge

Dated:       July 15, 2003

WILLIAM A. MANN, Plaintiff v. UNUM LIFE INSURANCECOMPANY OF AMERICA, et al., Defendants
CIVIL ACTION NO. 02-1346

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OFPENNSYLVANIA

2003 U.S. Dist. LEXIS 9752

May 20, 2003, Decided

SUBSEQUENT HISTORY: Partial summary judgment denied by Mann v. UNUM Life Ins. Co. of Am., 2003 U.S. Dist. LEXIS 9797 (E.D. Pa., May 27, 2003)

DISPOSITION: [*1] Plaintiff's omnibus motion granted in part and denied in part.

CASE SUMMARY:

PROCEDURAL POSTURE: Plaintiff insured sued defendants, an insurer and others, regarding an insurance claim. The insured filed an omnibus motion regarding, inter alia, reconsideration of a previous order relating to the admissibility and discoverability of certain evidence, clarification of the previous order, the scope of discovery, and continuance of the trial to a later date.

OVERVIEW: The insured sought reconsideration of the order denying his motion in limine to admit deposition testimony of a witness, which held that information about the specific reserve set by the insurer for the insured's insurance claim was not discoverable. The court found that it correctly interpreted Pennsylvania law, and that the testimony was not admissible because the insured did not show a link between the insurer's business practices regarding reserves and the claim at issue. Further, the court correctly determined that the insured did not show that the testimony at issue met the requirements of Fed. R. Evid. 804. It would have been premature for the court to find that the witness was unavailable for trial when the insured had not yet made attempts to procure his testimony. Additionally, the court was not persuaded by the insured's argument that it was clear that defendants had sufficient motive and opportunity to cross examine the witness. The court declined to consider evidence that was available prior to issuance of its prior order, and the insured did not explain why or how it was that he could not have obtained this evidence prior to the court's previous decision.

OUTCOME: The court granted in part and denied in part the insured's omnibus motion. It (1) denied the portion of the motion seeking reconsideration of the court's previous order, (2) granted the portion requesting that the court clarify the previous order, and (3) denied as moot the portion seeking a continuance. The court held in abeyance a decision on the issues raised by defendants' objections to the insured's second document production request.

LexisNexis (TM) HEADNOTES - Core Concepts:

Governments: Courts: Judicial Precedents
[HN1] A district court judge is not bound to follow the prior decisions by another district court judge.

Evidence: Hearsay Rule & Exceptions: Business Records
[HN2] Under Pennsylvania law, evidence of general business practices may be admitted if the plaintiff can show a link between those business practices and the claim at issue.

Civil Procedure: Relief From Judgment: Motions to Alter & Amend
[HN3] A party may not submit evidence that is not newly discovered in support of a motion for reconsideration.

COUNSEL: For WILLIAM A. MANN, PLAINTIFF: PETER F. SCHUCHMAN, JR., KOZLOFF, DIENER, PAYNE AND FEGLEY, WYOMISSING, PA USA.

For UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUMPROVIDENT CORPORATION, DEFENDANTS: ANDREW F. SUSKO, WHITE AND WILLIAMS, WESLEY R. PAYNE, WHITE & WILLIAMS LLP, PHILADELPHIA, PA USA.

JUDGES: MARY A. McLAUGHLIN, J.

OPINIONBY: MARY A. McLAUGHLIN

OPINION: MEMORANDUM

McLaughlin, J.

Currently before the Court is the plaintiff's omnibus motion, in which plaintiff requests that this Court: reconsider its Order of March 19, 2003 regarding the admissibility and discoverability of certain evidence; clarify the March 19, 2003 and address the scope of discovery, including the objections made in the defendants' motion to quash; compel the defendants to answer various document requests; and continue the trial to a later date. The Court denies the motion in part and grants the motion in part.

I. Reconsideration of the March 19, 2003 Order

The purpose of a motion for reconsideration is to correct manifest errors in law or fact, or to present newly discovered evidence. Harsco v. Zlotnicki, 779 F.2d 906, 908 (3d Cir. 1985).[*2] The plaintiff has argued that the Court should reconsider its March 19, 2003 order, in which the Court denied the plaintiff's motion in limine to admit the deposition testimony of Dr. Patrick McSharry and granted the defendants' motion to quash, holding that information about the specific reserve set by the defendant for the plaintiff's insurance claim was not discoverable.

A. Motion in Limine

The Court's earlier decision to exclude the testimony of Dr. McSharry was based on an accurate interpretation of Pennsylvania law. Both parties have erroneously interpreted the March 19, 2003 order as holding that this Court is bound by Judge Cahn's opinion in Hyde Athletic Indus. Inc. v. Continental Casualty Co., 969 F. Supp. 289, 307 (E.D. Pa. 1997). That is incorrect. [HN1] A district court judge is not bound to follow the prior decisions by another district court judge.

As stated in the March 19 opinion, this Court agreed with and was persuaded by the reasoning in Hyde but did not treat it as binding or base its decision exclusively on Hyde. This Court's decision on the relevancy and admissibility of Dr. McSharry's testimony was based solely on this Court's interpretation[*3] of Pennsylvania law.

The March 19 order interpreted Pennsylvania law to be such that [HN2] evidence of general business practices may be admitted if the plaintiff can show a link between those business practices and the claim at issue. The Court did not admit the testimony of Dr. McSharry because such a link was not shown.

This interpretation is consistent with both The Birth Ctr v. St. Paul Co, Inc., 567 Pa. 386, 787 A.2d 376 (2001) and Bonenberger v. Nationwide Mutual Ins. Co., 2002 Pa. Super. 14, 791 A.2d 378 (2002), the two Pennsylvania cases upon which the plaintiff relies to make his argument that the Court's decision was erroneous.

In The Birth Ctr, the jury considered a statement by a claims representative that St. Paul's general practice was to try "all of these bad baby cases" and that St. Paul's would therefore be going to trial in the case at issue. In The Birth Ctr, there was a direct link between the general practice and the plaintiff's specific case. In Bonenberger, the evidence at issue was a claims manual, which was used by the insurer's employees as their primary guide in evaluating, valuing, and negotiating claims. The Court found that[*4] the "employees involved in this particular matter utilized the procedures and guidelines of the manual," and the evidence was admitted. Bonenberger, 2002 Pa. Super. 14, 791 A.2d at 381. Again, in Bonenberger, there was a direct link between the general business practice and the claim at issue.

The rule applied in Bonenberger and The Birth Center is the same as the rule applied by this Court in the March 19 order. Because there was no link between the business practices alleged in Dr. McSharry's testimony and the plaintiff's claim, the testimony is not admissible under Pennsylvania law.

The Court's decision that the plaintiff has not shown that the testimony meets the requirements of Federal Rule of Evidence 804 is also correct. Regardless of the plaintiff's argument that he is certain that Dr. McSharry is unavailable for trial, it would still be premature for the Court to find that that is so when the plaintiff has not yet made attempts to procure his testimony. Additionally, the Court is not persuaded by the plaintiff's argument that it is clear that the defendants had sufficient motive and opportunity to cross examine Dr. McSharry.

The plaintiff also argues that[*5] the Court should reconsider the exclusion of Dr. McSharry's testimony based on the additional evidence he has provided in support of his omnibus motion, including the testimony of Ralph Mohney, the testimony of Mary Fuller, an expert report by Domenick LaGravinese, and the deposition of Dr. William Feist. n1

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

n1 At this time, there is no motion before the Court regarding the admission of this evidence. The Court,

therefore, expresses no opinion whether this evidence would be admissible at trial.

----------------End Footnotes----------------

It is questionable whether the Court may even consider this evidence as part of the motion for reconsideration. [HN3] A party may not submit evidence that is not newly discovered in support of a motion for reconsideration. Harsco, 779 F.2d at 909. It appears that all of the evidence submitted was available prior to this Court's decision on March 19, 2003. Most, if not all, of the evidence was also available prior to the oral argument on January 23, 2003. n2

-----------------Footnotes-----------------

n2 Mr. Mohney's testimony was given on January 7, 2003.
Ms. Fuller's testimony was given on December 10, 2002.
Mr. LaGravinese's report states that it is based on documentary evidence available to the plaintiff prior to the oral argument and the decision on the motion; the report itself was completed on February 17, 2003.
The deposition testimony of Dr. Feist was taken on January 25, 2999.

----------------End Footnotes----------------

[*6]

The plaintiff has not explained to the Court why or how it is that he could not have obtained this evidence prior to the Court's decision on the motion. Although the plaintiff does state that the verdict in the Chapman v. Unumprovident case, from which he procured Ms. Fuller and Mr. Mohney's testimony, was not rendered until after oral argument on the motion, he is not attempting to submit the verdict as evidence. The testimony he wants to submit was given before oral argument.

Even if the Court assumes, however, that the plaintiff's new evidence is admissible and may be considered as part of a motion for reconsideration, it would not warrant admission of Dr. McSharry's testimony. None of the evidence proffered by the plaintiff is sufficient to show a direct link between the policies and practices of the Chattanooga offices, about which Dr. McSharry testified, and the handling of the plaintiff's specific claim.

B. Reserve Information

The plaintiff also claims that the Court should reconsider its decision that the information relating to the reserve set for the plaintiff's claim was not discoverable. The plaintiff claims that the decision was erroneous and that the defendants[*7] put the reserve amount at issue in their opposition to the omnibus motion. The Court is not persuaded by either of these arguments. The Court holds that its decision that the information is not discoverable was correct for the reasons explained in the March 19 order. The Court also holds that any discussion of the amount of the reserve in the defendants' opposition was in response to the plaintiff's allegation in his memorandum that his claim "must have been" a high reserve claim. The defendants' response that there is no evidence that the claim had a high reserve is insufficient to place the matter at issue in such a way that the information is discoverable.

II. Motion for Clarification of the March 19, 2003 Order and Motion to Strike Objections

The plaintiff also requests that this Court clarify its March 19, 2003 order to address the proper scope of the corporate designee deposition in light of the defendants' objections thereto, and that this Court strike the defendants' objections to the plaintiff's second request for production of documents. The Court will grant the plaintiff's request that the Court consider these issues. The Court will hold in abeyance a decision[*8] on the specific issues raised until after a telephone conference.

III. Motion for a Continuance

The plaintiff also requests that this Court issue a new scheduling order for this case, including postponement of the trial date. Because the Court has already done so since the pendency of this motion, this portion of the motion is denied as moot.

ORDER

AND NOW, this 20th day of May, 2003, upon consideration of the plaintiff's omnibus motion (Docket # 45), the defendants' opposition thereto, and the plaintiff's reply, for the reasons explained in a memorandum of today's date, it is HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART as follows: the portion of the motion seeking

reconsideration of the Court's March 19, 2003 order is DENIED; the portion of the memorandum requesting that the Court clarify the March 19, 2003 order is GRANTED; and the portion of the motion seeking a continuance is DENIED AS MOOT.

AND IT IS FURTHER ORDERED that the Court will hold in abeyance a decision on the issues raised by the defendants' objections to the plaintiff's second request for production of documents and the defendants' objections to the corporate designee[*9] deposition notice until after a telephone conference.

BY THE COURT:

MARY A. McLAUGHLIN, J.