UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE | : |
|     **Plaintiff,** | : |
| vs. | : CIVIL ACTION NO. 3:00CV01096(SRU) |
| | : |
| UNUMPROVIDENT CORPORATION | : |
| F/K/A PROVIDENT COMPANIES, INC., | : |
| THE PAUL REVERE LIFE INSURANCE | : |
| COMPANY, PROVIDENT LIFE AND | : |
| ACCIDENT INSURANCE COMPANY OF | : |
| AMERICA and JOHN HANCOCK | : |
| MUTUAL LIFE INSURANCE COMPANY, | : |
| | : |
|     **Defendants.** | : November 3, 2003 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

The Paul Revere Life Insurance Company, The Provident Life and Accident Insurance Company of America, the John Hancock Mutual Life Insurance Company, and UnumProvident Corporation (collectively, "the defendants") oppose the motion to compel filed by the plaintiff as factually inaccurate and legally meritless.

**FACTUAL BACKGROUND**

In April 1995, the plaintiff filed a notice of claim for total disability benefits with Paul Revere and John Hancock, claiming that he was totally disabled from his occupation due to a psychiatric condition.[1]  In accordance with the terms of the policies, the defendants required the plaintiff to provide medical proof of his claimed disability throughout the claim period.  The

---

[1] The plaintiff filed a notice of claim for benefits with Provident in August of 1995.

plaintiff submitted documentation from his treating physicians and therapists, including medical records, treatment notes and psychiatric assessment forms.

As an integral part of evaluating the plaintiff's claim for benefits, the defendants' claims examiners, who do not possess specialized medical training, sought assistance from internal and external medical consultants, including the following medical professionals: Stephen Greenberg, Kenneth Appelbaum, James Rosenberg, Charles Hinkin, Wilfred Van Gorp, David McDowell, and Alan Cusher. The medical consultants evaluated the medical information provided by the plaintiff and provided guidance to the claims examiners, who had the responsibility of determining whether the plaintiff qualified for benefits under the terms of the policies.

None of these individuals played any role in this matter after the defendants terminated the plaintiff's claim and closed his file. Specifically, these individuals are not witnesses who have been "retained or specially employed to provide expert testimony in the case," nor are they employees of the defendants "whose duties as an employee of the party regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). None of the witnesses were provided with any information regarding the plaintiff that was not contained in the claim file at the time the witness was consulted by the claims representatives, nor have any of the witnesses rendered any opinions or reports other than what is contained in the claim file.

Pursuant to the Court's order, on September 24, 2003, the defendants produced to the plaintiff the curricula vitae for all of these medical professionals, together with copies of the documents from the claims files in which each witness expressed his findings, conclusions or opinions developed during their involvement in the claim. The defendants confirmed in writing to the plaintiff that the doctors had not been specially retained to develop opinions for the

purposes of providing expert testimony at trial, and would be asked to testify only about the opinions they reached as part of and during the claims process. The defendants also advised the plaintiff as to the fees charged by the outside medical consultants and provided him with dates on which the doctors would be available for depositions.

On September 24th, the defendants also produced to the plaintiff a listing of the cases in which Dr. Appelbaum, Dr. Hinkin, and Dr. Van Gorp have testified as expert witnesses, as well as a list of all of the cases in which Dr. McDowell acted as a witness. At that time, Dr. McDowell was unable to determine whether he had acted as an expert or a fact witness in those cases.

The defendants explained that they were still gathering the listing of cases in which Dr. Greenberg, Dr. Rosenberg and Dr. Cusher acted as expert witnesses and would forward that information to the plaintiff as soon as possible. The defendants provided the plaintiff with Dr. Rosenberg's information on October 6th, and Dr. Greenberg's information on October 9th. On October 27th, the defendants provided the plaintiff with a list of the cases in which Dr. Cusher acted as a fact witness, stating that he had never acted as an expert witness. At that time, the defendants also provided the plaintiff with a revised list of the cases in which Dr. McDowell acted as a witness, indicating the three cases in which Dr. McDowell acted as an expert witness.

**ARGUMENT**

Insofar as the plaintiff moves to compel the defendants to provide expert testimony lists for Dr. Greenberg, Dr. McDowell and Dr. Cusher, the plaintiff's motion is moot. The defendants forwarded Dr. Greenberg's information to the plaintiff on October 9, 2003, as soon as they

received it from Dr. Greenberg. The defendants provided the plaintiff with a preliminary list of the cases in which Dr. McDowell provided testimony on September 24, 2003.

The defendants required additional time to gather the information as to the cases in which Dr. Cusher testified and to determine whether Dr. Cusher and Dr. McDowell were acting as experts or fact witnesses in those cases. This delay was caused by the fact that the defendants had not tracked this information previously because these witnesses were never retained as testifying experts. In order to gather the information requested, the defendants had to review individual litigation files and to speak with internal and outside counsel in several states.

The plaintiff's demand for additional information regarding the compensation paid to the witnesses is similarly without merit. Rule 26(a)(2)(B) provides that, in addition to a statement of the opinions to be expressed by the expert, together with the basis and reasons therefore and the data or other information considered by the expert, the report should also include a statement as to the compensation paid to the expert for his study and testimony. Fed. R. Civ. P. 26 (a)(2)(B). Contrary to the plaintiff's improperly expansive reading of this rule, the rule applies only to the compensation paid to the expert for services rendered in connection with the litigation. See Amster v. River Capital Internat'l Group, LLC, 2002 U.S. Dist. LEXIS 16595 (S.D.N.Y. Sept. 4, 2002) (ordering disclosure of the total compensation paid to the expert in connection with the litigation); Baxter Diagnostics, Inc. v. AVL Scientific Corp., 1993 U.S. Dist. LEXIS 11798 (C.D.Cal. Aug. 6, 1993); B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. of New York, 171 F.R.D. 57, 61(S.D.N.Y. 1997) ("there is nothing in Rule 26 which requires a party to turn over invoices that are not directly related to the production of an expert report.").

Because the defendants did not retain the witnesses to develop opinions for the purposes of providing expert testimony at trial, the defendants did not pay any of the individuals anything for their "study" in connection with the litigation. At the time of trial, when the witnesses are asked to provide testimony, the defendants will compensate Dr. Greenberg, Dr. Appelbaum, Dr. Van Gorp, Dr. Rosenberg and Dr. Hinkin in accordance with their billing rates, which were provided to the plaintiff on September 24, 2003.

As the plaintiff well knows, Dr. McDowell and Dr. Cusher are employees of UNUMProvident, and thus, they have not been, and will not be, paid for their limited role in the litigation. The plaintiff's assertion that he is entitled to information regarding Dr. McDowell's and Dr. Cusher's salaries is unfounded. First, neither Dr. McDowell, nor Dr. Cusher is an employee "whose duties as an employee of the party regularly involve giving expert testimony." Thus, their compensation as employees of UNUMProvident is completely unrelated to their involvement in this litigation.

Moreover, even if Dr. McDowell and Dr. Cusher could be properly characterized as expert witnesses, Rule 26 does not require disclosure of their salaries. The court in <u>Porter v. Hamilton Beach/Proctor Silex, Inc.</u>, 2003 U.S. Dist. LEXIS 18571 (W.D.Tenn. Aug. 27, 2003) recently addressed this issue, holding that even where an employee's duties regularly involve giving expert testimony, the employee is not required to disclose his salary. The court acknowledged that although "examining an expert's compensation is relevant to bias and is permissible," the witness was not required to disclose his salary because "the fact that [the witness] is a full-time, salaried employee of [the defendant] is sufficient to demonstrate bias.

There is no showing that [the witness's] opinion may be influenced by the amount of his salary or the value of his 401(k) plan." Id., at * 5.

## CONCLUSION

The defendants have provided the plaintiff with all of the information which the Court ordered the defendants to produce. Accordingly, the defendants respectfully urge the Court to dismiss the plaintiff's motion to compel as frivolous and deny his request for the fees associated with the cost of the motion as without merit.

DEFENDANTS,
UNUMPROVIDENT CORPORATION F/K/A PROVIDENT COMPANIES, INC., THE PAUL REVERE LIFE INSURANCE COMPANY, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY OF AMERICA and JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY,

By_____
  Theodore J. Tucci (ct05249)
  ttucci@rc.com
  Erin O'Brien Choquette (ct18585)
  echoquette@rc.com
  Robinson & Cole LLP
  280 Trumbull Street
  Hartford, CT 06103-3597
  Tel. No.: (860) 275-8200
  Fax No.: (860)275-8299

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on November 3, 2003 to the following:

Jonathan Katz, Esq.
Alinor Sterling, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT  06503

_____
Theodore J. Tucci