

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 NOV -7  A 9: 43

US DISTRICT COURT
BRIDGEPORT CT.

------------------------------------------------------x
John Doe,                               :
     Plaintiff                       :
                                     :
vs.                                     : Civil Action No.:  3:00 CV 01096(SRU)
                                     :
UNUMProvident Corporation f/k/a         :
Provident Companies, Inc.,              :
The Paul Revere Life Insurance          :
Company, Provident Life and Accident    :
Insurance Company of America and        :
John Hancock Mutual Life Insurance      :
Company,                                :
     Defendants                      : November 6, 2003
------------------------------------------------------

### REPLY IN SUPPORT OF MOTION TO COMPEL EXPERT DISCLOSURE
### AND FOR FEES AND COSTS OF MOTION

     Plaintiff files this reply in support of his motion seeking complete expert disclosure of

defendants' seven newly identified experts.  Defendants maintain their opinion-giving,

document-reviewing doctors are not experts retained to provide expert testimony in the

case -- plaintiff does not see how these witnesses are anything but that.  This

insurmountable difference aside, on September 10, 2002, the Court ordered the parties to

proceed with depositions of these witnesses and ordered defendants to produce expert

testimony lists and compensation information as required by Rule 26(a)(2)(B).  Defendants

have finally produced the last of the testimony lists but still refuse to produce compensation

information, despite the Court's order.

I.    Testimony Lists

Defendants have provided testimony lists for all expert witnesses in issue. Accordingly, the Court need not order defendants to produce these documents.

II.    Compensation Information

Defendants claim that Rule 26(a)(2)(B) applies only to compensation to be paid an expert for services rendered in connection with litigation, and that the services of these witnesses were not rendered in connection with litigation. Plaintiff simply does not accept that claim, for the reasons outlined in plaintiff's Motion re: Undisclosed Experts filed September 2, 2002 and reply in support thereof.

With regard to fees for study and testimony, none of the cases support the distinction defendants are trying to make. In other words, none of these cases distinguish between an expert hired for litigation and one hired for another purpose (but still offered to testify as an expert) and hold that the compensation for the latter need not be disclosed. See Baxter Diagnostics, Inc. v. AVL Scientific Corp., 1993 WL 360674 (C.D. Ca. Aug 6., 1993) (determining that experts' invoices were not protected by work product or attorney-client privilege); B.C.F. Oil Refining, Inc. v. Consolidated Edison Co., 171 F.R.D. 57 (S.D.N.Y. 1997) (invoices were not material considered by expert in forming opinion and therefore were not subject to production under former Rule 26(a)(2) and (b)(4)); Amster v. River Capital Int'l Group, LLC, 2002 WL 2031614 (S.D.N.Y. 2002) (granting motion to compel production of invoices or a statement by plaintiff as to total amount paid by plaintiff to expert).

With regard to salary, in Porter v. Hamilton Beach/Proctor Silex, Inc., 2003 WL 22385679 (W.D. Tenn. Aug. 27, 2003), the court exercised its discretion to foreclose questioning regarding the salary of an expert whose duties involved regularly giving

testimony.  While acknowledging that it is appropriate to show bias by questioning regarding compensation, the court reasoned that a sufficient showing of bias could be made by the admission that the expert was defendant's employee.  Plaintiff respectfully disagrees.  Plaintiff is entitled to cross-examine these witnesses fully regarding bias.  The employment relationship demonstrates bias, but so also -- and perhaps to an even greater extent -- does their level of compensation.  Plaintiff accordingly should be provided information regarding these witnesses' salaries and incentive packages.

THE PLAINTIFF,

By

Jonathan Katz (ct00182)
Alinor C. Sterling (ct17207)
JACOBS, GRUDBERG, BELT & DOW, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT 06503
Tel. (203) 772-3100
Fax. (203) 772-1691
jkatz@jacobslaw.com
asterling@jacobslaw.com

## **CERTIFICATION**

The undersigned certifies that a copy of the foregoing was mailed postage prepaid this 6th day of November, 2003 to:

Theodore J. Tucci, Esq.
Erin Choquette, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel.:  (860) 275-8200
Fax:  (860) 275-8299


Alinor C. Sterling