UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
John Doe,
    Plaintiff

vs.                                                                      : Civil Action No.:  3:00 CV-01096(SRU)

UNUMProvident Corporation f/k/a
Provident Companies, Inc.,
The Paul Revere Life Insurance Company,
Provident Life and Accident Insurance
Company of America
and John Hancock Mutual Life Insurance
Company,
    Defendants
---------------------------------------------------------------x February 3, 2004

## MOTION TO SEAL COURT FILE

    For the reasons set forth below, plaintiff hereby moves to seal the Court file. Defendants do not object to this motion.

    The decision whether to seal a judicial record is, at least with respect to the common law right of access, committed to the discretion of the district court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case. Nixon v. Warner Communications, Inc., 435 U.S. 589, 599, 98 S.Ct. 1306,1312-13 (1978).  (That right is even weaker with regard to portions of the court file, such as the pretrial compliance and motions in limine, which were not the basis for a judicial decision.  See Anderson v. Cryovac Inc., 805 F.2d 1, 13 (1st Cir.1986) (restricting common law right of access to "materials on which a court relies in determining the litigants' substantive rights").) Moreover, a federal judge has the power to seal files when necessary to encourage the

amicable resolution of disputes.  See Palmieri v. State of New York, 779 F.2d 861, 864-65 (2d Cir.1985); City of Hartford v. Chase, 942 F.2d 130, 135-36 (2d Cir. 1991).

At the outset of this case, plaintiff sought and was granted the right to proceed anonymously.  Plaintiff is now concerned that he could be identified through exhibits in the court files.  If he were identified, additional exhibits -- particularly psychiatric and psychological reports and deposition transcripts which speak to his mental health -- would be incredibly damaging if read by a third party.  He seeks to close this chapter of his life and proceed without the stigma attached to diagnoses of mental illness.  He is understandably concerned that his achievements in the future could be undermined if anyone ever learned of and accessed the court file.  When the parties resolved the case they negotiated for, and agreed on, terms of confidentiality.  Plaintiff seeks the cooperation of the Court to obtain the benefit of this bargain.

Accordingly, for these reasons plaintiff respectfully requests that the Court seal its file on this matter.

        THE PLAINTIFF,

        By_____
          Jonathan Katz (ct00182)
          Alinor C. Sterling (ct17207)
          JACOBS, GRUDBERG, BELT & DOW, P.C.
          350 Orange Street
          P.O. Box 606
          New Haven, CT 06503
          Tel. (203) 772-3100
          Fax. (203) 772-1691
          jkatz@jacobslaw.com
          asterling@jacobslaw.com

3

## CERTIFICATION

The undersigned certifies that a copy of plaintiff's Motion to Seal Court File was mailed postage prepaid this 3rd day of February, 2004 to:

Erin K. Choquette, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel.: (860) 275-8200
Fax: (860) 275-8299

_____
Jonathan Katz