Disk

/31

DENIED, without prejudice to the filing of a motion to seal specified portions of the file. The court is not inclined to seal the entire file in light of the public interest in access to court records. If plaintiff can show a particularized interest in sealing specific documents, that interest may outweigh the interest in public access. So Ordered. //\ /\ \\

Stefan R. Underhill
United States District Judge
02/04/04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 FEB -4  A 10: 06
US DISTRICT COURT
BRIDGEPORT

----------------------------------------x
John Doe,
          Plaintiff

vs.                                         :  Civil Action No.: 3:00 CV-01096(SRU)

UNUMProvident Corporation f/k/a
Provident Companies, Inc.,
The Paul Revere Life Insurance Company,
Provident Life and Accident Insurance
Company of America
and John Hancock Mutual Life Insurance
Company,
          Defendants
----------------------------------------x  February 3, 2004

## MOTION TO SEAL COURT FILE

For the reasons set forth below, plaintiff hereby moves to seal the Court file. Defendants do not object to this motion.

The decision whether to seal a judicial record is, at least with respect to the common law right of access, committed to the discretion of the district court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case. Nixon v. Warner Communications, Inc., 435 U.S. 589, 599, 98 S.Ct. 1306, 1312-13 (1978). (That right is even weaker with regard to portions of the court file, such as the pretrial compliance and motions in limine, which were not the basis for a judicial decision. See Anderson v. Cryovac Inc., 805 F.2d 1, 13 (1st Cir.1986) (restricting common law right of access to "materials on which a court relies in determining the litigants' substantive rights").) Moreover, a federal judge has the power to seal files when necessary to encourage the